[No. 10,777.—In Bank.]
October 10, 1882.

## THE PEOPLE *v.* CHEONG FOON ARK.

| 61 | 527 |
|----|-----|
| 80 | 45 |
| 61 | 527 |
| 88 | 423 |
| 61 | 527 |
| 95 | 229 |
| 61 | 527 |
| 119 | 460 |

LARCENY — DEFINITION — INSTRUCTION.—The Court instructed the jury: "Grand larceny is the stealing, taking, or carrying away the personal property of another of the value of more than fifty dollars." *Held:* The charge was erroneous in omitting the word felonious.

ID.—EVIDENCE—REASONABLE DOUBT—BURDEN OF PROOF.—The Court further instructed the jury: "The prosecution in a criminal case is bound to make out its case beyond a reasonable doubt; a mere preponderance of testimony is not sufficient; a preponderance of testimony is sufficient, as I understand the decisions of the Supreme Court, to make out the innocence of the defendant."

*Held:* The Court misunderstood the rule as laid down by the Supreme Court. It is a cardinal rule in criminal cases that the burden of proof rests on the prosecution. It would manifestly be shifting this burden from the prosecution to the defendant to require the latter to establish his defense by a preponderance of evidence, and would deprive him of the doctrine of reasonable doubt, to the benefit of which he is justly and everywhere held entitled.

ID.—ID.—ID.—It was error in the Court to refuse the following instruction: "The evidence in a criminal case must satisfy the jury to a moral certainty and beyond a reasonable doubt—that is, it must entirely satisfy the jury—of the guilt of the defendant before they can convict. If the jury are not entirely satisfied they should acquit."

APPEAL from a judgment of conviction and from an order

denying a new trial in the Superior Court of the City and County of San Francisco.    FREELON, J.

*W. A. S. Nicholson,* for Appellant.

*A. L. Hart,* Attorney General, for Respondent.

MORRISON, C. J.:

The defendant was convicted of the crime of grand larceny, and larceny is defined by Section 484 of the Penal Code to be, " the *felonious* stealing, taking, carrying, lending, or driving away, the personal property of another." The Court instructed the jury as follows: " Grand larceny is the stealing, taking, or carrying away, the personal property of another, of the value of more than fifty dollars,"—omitting the word *felonious.* The charge was erroneous, as it omitted that word.

The Court told the jury that grand larceny is the stealing, *taking, or carrying away* (in the disjunctive), the property of another. That is not the definition given by the statute, and is in no sense a correct definition of the offense. One person may *take or carry away* the property of another, of the value of over fifty dollars, without being guilty of any offense whatever. But if he does the act *feloniously,* the statutory crime is committed.

The Court further instructed the jury as follows: " The prosecution in a criminal case is bound to make out its case beyond a reasonable doubt. A mere preponderance of testimony is not sufficient. A *preponderance* of testimony is sufficient, as I understand the decision of the Supreme Court, to make out the innocence of the defendant."

The learned Judge misunderstood the rule as laid down by the Supreme Court. It is true that such has been held to be the rule in the single case of homicide; and, in that particular case, because Section 1105 of the Penal Code provides that where the commission of the homicide by the defendant has been proved, the *burden* of proving circumstances of mitigation, or that justify or excuse the killing, devolves upon the defendant; but as to other crimes, in respect to which there is no similar statutory provision, a different rule exists,

as was held by this Court in the case of *People* v. *Marshall*, 8 Pac. C. L. J. 841. Mr. Justice Ross, delivering the opinion in that case, says: "It is a cardinal rule in criminal cases that the burden of proof rests on the prosecution. It would manifestly be shifting this burden from the prosecution to the defendant, to require the latter to establish his defense by a preponderance of evidence, and would deprive him of the doctrine of a reasonable doubt, to the benefit of which he is justly and everywhere held entitled."

There is one other point in the case deserving of notice, and that is the refusal of the Court to give the following instruction, requested by the defendant:

"The evidence in a criminal case must satisfy the jury to a moral certainty and beyond a reasonable doubt, that is, it must entirely satisfy the jury of the guilt of the defendant before they can convict. If the jury are not entirely satisfied, they should acquit."

In the case of the *People* v. *Brown*, 8 Pac. C. L. J. 338, this Court held that the following instruction given to the jury was erroneous:

"You are not legally bound to acquit him (defendant) because you may not be entirely satisfied that the defendant, and no other person, committed the alleged offense." (See also, *People* v. *Kerrick*, 52 Cal. 446.)

The converse of the rule laid down in the above case is, that the jury must be entirely satisfied that the defendant committed the offense charged against him, and it was error to refuse the charge to that effect, as requested by the defendant.

Judgment and order reversed and cause remanded for a new trial.

Ross, MYRICK, McKEE, and THORNTON, JJ., concurred.

McKINSTRY, J., concurring:

I concur in the judgment, and in the opinion, except with respect to what is said in reference to Section 1105 of the Penal Code.