McKinstry, J.
In the margin, opposite to instruction No. 5 requested by the prosecution, the judge of the Superior Court wrote, “Given,—the word ‘possible’ *642 inserted in reading in two places.” There is nothing to indicate where the word was inserted “in reading.” The instruction to that extent was not in writing; because there is no evidence in writing of the instruction as actually given. But it is not necessary to say that for this reason alone the judgment should be reversed.
As reduced to writing, the instruction is as follows: —
1 “ The jury must be satisfied from
2 the evidence of the guilt of the
3 defendant beyond a reasonable
4 doubt before they can legally find
5 him guilty of the crime charged
6 against him; but in order to justi-
7 fy the jury in finding the de-
8 fendant guilty of said crime, it
9 is not necessary that the jury
10 should be satisfied from the evidence
11 beyond the possibility of a doubt.
12 All that is necessary in order to
13 justify the jury in finding the de-
14 fendant guilty is that they shall
15 be satisfied from the evidence of the
16 defendant’s guilt to a moral cer-
17 tainty and beyond a reasonable
18 doubt, although they may not be en-
19 tirely satisfied (beyond a possible doubt) from the evidence
20 that the defendant, and no other
21 or different person, committed the
22 alleged offense; and if the jury
23 are satisfied from the evidence
24 beyond a reasonable doubt
25 that the defendant committed
26 the crime charged against him,
27 they are not legally bound to
28 acquit him because they
29 may not be entirely
30 satisfied that the defendant,
*643 SI and no other or different.
32 person, committed the alleged
33 offense.”
The instruction was erroneous. (People v. Brown, 56 Cal. 405; People v. Kerrick, 52 Cal. 446; People y. Padillia, 42 Cal. 585; People v. Phipps, 39 Cal. 326.)
The insertion of the words “ beyond a possible doubt,” inserted in line 19, still left it to the jury to find the defendant guilty, although°they might not be “entirely satisfied that the defendant, and no othei person, committed the alleged offense.”
But the court did not simply read the instruction as reduced to writing, but accompanied the reading with other oral language claimed to modify and render unobjectionable the written charge. Such oral language was not reduced to writing “by the judge or any one else, nor was it taken down by the short-hand reporter.”
The bill of exceptions shows that the judge read the instruction down to and including the word “ satisfied,” in line 30, and then said “ beyond all possible doubt ”; after which he proceeded to read the rest of the instruction as written. This was error. (People v. Kersey, 53 Cal. 575, and cases there cited.)
Judgment and order reversed, and cause remanded for a new trial.
Boss, J., and Myrick, J., concurred.