[Crim. No. 305. Department Two.—December 29, 1897.]

## THE PEOPLE, Respondent, v. LEWIS KAISER, Appellant.

CRIMINAL LAW—INCEST—SUFFICIENCY OF INDICTMENT—CARNAL INTERCOURSE WITH DAUGHTER.—An indictment for incest, charging that the defendant L. K., at a time and place stated, "did willfully, unlawfully, knowingly, incestuously, and feloniously, upon the person of one C. K., the daughter of said L. K., commit fornication, and have sexual intercourse with and carnally know the said C. K., contrary," etc., sufficiently conforms to all the requirements of the statute, and sufficiently shows that the offense was committed upon an immediate female descendant of the defendant, and not upon an adopted daughter or a stepdaughter or a daughter in law.

ID.—DAUGHTER UNDER AGE OF CONSENT—RAPE—ADDITIONAL INDICTMENT—REVIEW UPON APPEAL.—The fact that the daughter with whom the incest was committed was under the age of consent, and that the crime committed also included the crime of rape, does not preclude the putting of the defendant on trial for the crime of incest; nor can the fact that an additional indictment was found for the crime of rape be considered upon appeal from a verdict of conviction of the crime of incest, where the record does not disclose that any such indictment was found.

ID.—TESTIMONY OF DAUGHTER—CORROBORATION—CONFLICTING EVIDENCE.—Where the testimony of the daughter, though slightly corroborated, clearly and explicitly detailed the circumstances of the crime charged against her father, and was sufficient, if believed, to uphold a conviction, the fact that the defendant was called as a witness in his own behalf, and positively denied all the charges made against him, cannot entitle the defendant to a reversal of the judgment, upon the ground that the evidence was insufficient to justify or support the verdict.

ID.—REQUESTED INSTRUCTION AS TO REASONABLE DOUBT—MODIFICATION.—An instruction requested by the defendant, that the facts tending to prove the guilt of the defendant must be established in the minds of the jury beyond a reasonable doubt, "that is, it must entirely satisfy" them of the guilt of the deceased before they could convict, and that if they were not "entirely satisfied," they should acquit him, though it might have been given as requested, is not rendered erroneous or misleading by striking out the word "entirely" therefrom, and giving it as thus modified.

APPEAL from a judgment of the Superior Court of Placer County and from an order denying a new trial. J. E. Prewett, Judge.

The facts are stated in the opinion of the court.

J. Edward Marks, for Appellant.

W. F. Fitzgerald, Attorney General, and C. N. Post, Deputy Attorney General, for Respondent.

THE COURT.—The defendant was indicted for the crime of incest, alleged to have been committed upon his daughter, a girl under thirteen years of age. He was tried and found guilty of the offense charged, and the judgment was that he be punished by imprisonment in the state prison for the term of ten years. From that judgment and an order denying his motion for a new trial he has appealed.

The indictment was returned and filed December 22, 1896, and the charging part of it is as follows: "That said defendant, Lewis Kaiser, on or about the first day of January, A. D. 1895, and before the finding and presentation of this indictment, at the county of Placer, and state of California, did willfully, unlawfully, knowingly, incestuously, and feloniously, upon the person of one Cordelia Kaiser, the daughter of said Lewis Kaiser, commit fornication and have sexual intercourse with, and carnally know the said Cordelia Kaiser, contrary," etc.

The defendant demurred to the indictment upon the ground that it did not conform to the requirements of sections 950, 951, and 952 of the Penal Code; that it did not state facts sufficient to constitute a public offense; and that it did not appear upon the face thereof, positively, that said Cordelia Kaiser was then and there the daughter of defendant, or that she was not his stepdaughter.

The demurrer was properly overruled. The indictment stated the acts constituting the offense in the language used in the information, which was held sufficient in *People v. Patterson*, 102 Cal. 239, and we think it sufficiently conformed to all the requirements of the statute. The objection that it does not appear that Cordelia Kaiser was then and there the daughter of defendant, as she might have been a stepdaughter, cannot be entertained. The word "daughter" means, and is generally understood to mean, "an immediate female descendant," and not an adopted daughter, a stepdaughter, or a daughter in law. So, also, the objection that the defendant was on the same day indicted for the crime of rape, alleged to have been committed

upon his daughter, Cordelia, at the same time and place, cannot be considered here, since it does not appear from the record in this case that any such indictment was found. And assuming that the facts stated in the indictment in this case were sufficient to constitute the crime of rape, the daughter then being under the age of consent, still, under section 285 of the Penal Code, they clearly constituted the crime of incest, and the defendant was, therefore, properly put upon trial for that offense.

The trial was commenced February 3, 1897, and was concluded three days later. Cordelia was born June 6, 1884, and at the time of the trial was four months less than thirteen years of age. She was the principal witness for the prosecution, and most of the criminating evidence was given by her. She told the story of her life from the time she was three or four years old, and what at that early age her father attempted to do, and what he afterward accomplished.

When she was first called before the grand jury as a witness she denied in toto the charges against her father, and said he had never had sexual intercourse with her, but four days later she again went before the grand jury, and then said she did not tell the truth the first time, and gave the evidence on which the indictment was found.

The evidence of this witness, given at the trial, need not be set out. Sufficient to say that it clearly and explicitly detailed the circumstances of the awful crime with which the parent was charged.

The defendant was called as a witness in his own behalf, and positively denied all the charges made against him.

In support of the appeal, it is earnestly contended that the judgment should be reversed upon the ground that the evidence was insufficient to justify or support the verdict. (Citing *People v. Benson,* 6 Cal. 221; 65 Am. Dec. 506; *People v. Hamilton,* 46 Cal. 540, and other cases.) This may not be done. It is true that the corroborating evidence was slight, and it is equally true that under the horror and repugnance which such a charge excites juries may be swift to convict; but nevertheless the evidence in the case was sufficient to uphold a conviction, and the defendant was refused a new trial before a dispassionate judge, who had heard all of the testimony and seen all of the witnesses.

The defendant asked the court to instruct the jury that "those facts or that state of facts tending to prove the guilt of the defendant must be established in your minds to a moral certainty and beyond a reasonable doubt.   That is, it must entirely satisfy you of the guilt of the defendant before you can convict.   If you are not entirely satisfied you should acquit him."   The court struck out the word "entirely" in both places where it was used, and then gave the instruction.

In *People v. Padillia,* 42 Cal. 535, in *People v. Kerrick,* 52 Cal. 446, and in *People v. Carrillo,* 70 Cal. 643, the instructions under review were substantially the same and to the following effect: "All that is necessary, in order to justify the jury in finding the defendant guilty, is that they shall be satisfied from the evidence of the defendant's guilt to a moral certainty and beyond a reasonable doubt, although they may not be entirely satisfied from the evidence that the defendant and no other person committed the alleged offense."   In reversing these cases, it was said that the modification, "although they may not be entirely satisfied," etc., was, and was intended to be, a material qualification of the first clause, which contained a correct statement of the law.   It was equivalent to telling the jury that they might be satisfied to a moral certainty and beyond a reasonable doubt, but at the same time not entirely satisfied of the defendant's guilt; and it was declared by this court that, when a jury is satisfied to a moral certainty and beyond a reasonable doubt, it must in the nature of things be entirely satisfied.   The instruction was, therefore, calculated to confuse and mislead, and a very apparent injury to the defendants was thus worked.   In this case, however, an entirely different instruction is presented. It is an instruction which first tells the jury that the guilt of the defendant must be established in their minds to a moral certainty and beyond a reasonable doubt.   It would seem that a juror must be lacking in common intelligence if so much of the language is not to his understanding clear and free from doubt. The second portion of the charge does not tend to mislead or confuse, as in the cases cited.   It amounts to an additional declaration that they should be satisfied of the guilt of the defendant.   In the other cases the jury were told that they need not be entirely satisfied.   It would doubtless have been as well in the

case at bar had the court given the instruction without eliminating the adverb, but we are unable to see that the instruction as given was either erroneous in point of law or could have confused or misled the jury. In *People v. Cheong Foon Ark*, 61 Cal. 527, the proposed instruction was well-nigh identical with the instruction here, but there the court refused to give the instruction absolutely, while here it gave it with the modification indicated, and it does not appear from the record that any equivalent instruction was given in its place. The error in refusing the instruction was therefore clear.

The judgment and order appealed from are therefore affirmed.