## STATE V. SCHMIDT.

Under Pen. Code, sec. 311, defining a battery as a willful and unlawful
use of force upon the person of another, and section 312, provid-
ing that to use force upon another is not unlawful, when com-
mitted in self-defense or in defense of another, the use of force
will be presumed to have been unlawful when shown to have been
committed without excuse or justification; but, when accused in-
troduces evidence of self-defense or defense of another, the burden
is not shifted to him to substantiate such defense by a preponder-
ance of the evidence, but it devolves upon the state to then
prove beyond a reasonable doubt that the alleged justification did
not exist.

(Opinion filed July 12, 1905.)

Error to Circuit Court, Roberts county, Hon. J. H. McCoy,
Judge.

Ben Schmidt was convicted of assault and battery and
brings error. Reversed.

*Howard Babcock* and *J. J. Batterton*, for plaintiff in error.

*Philo Hall*, Atty. Gen., *Frank McNulty*, State's Atty., and
*E. M. Bennett*, for the state.

CORSON, P. J.  Upon an information filed in the justice's
court in Roberts county, the defendant was tried and convicted
of the crime of assault and battery. An appeal having been
taken to the circuit court, he was again convicted, and the case
is now before us on writ of error.

The principal error relied upon for reversal of the judg-
ment of the court below is the giving of the following instruc-
tion: "The jury is further instructed that in this case the bur-
den of proof is on the defendant to show by a preponderance

of the evidence that the blows struck by him were struck in the necessary self defense of himself or his. brother, Ed Schmidt, and that by a 'preponderance of the evidence' is meant that the evidence on the part of the defendant on this question of self defense must be of some greater force or effect than the evidence of the prosecution." It is contended by the plaintiff in error that the court erred in this instruction in stating to the jury that "the burden of proof is on the defendant to show by a preponderance of the evidence that the blows struck by him were struck in the necessary self defense of himself or his brother, Ed Schmidt," that the burden of proof never changes in a criminal case, and that it is sufficient if the evidence of the defense raises in the minds of the jury a reasonable doubt as to the guilt of the accused. It is contended on the part of the state that upon the question as to whether the accused actually committed the assault and battery the burden of proof rested upon the state, but as to whether or not the accused was justified in the commission of the assault and battery, under any of the exceptions contained in the law relating to assault and battery, the burden of proof was upon the accused, and that, unless that defense was sustained by a preponderance of the evidence, it was the duty of the jury to convict the defendant of the crime charged.

We are inclined to adhere to the view taken by this court in the case of State v. Weckert, 95 N. W. 924—that "the burden of proof is upon the state from the beginning to the end of the trial. It is never changed." And we are of the opinion that if the jury are not satisfied, upon a comparison of all the evidence, that the accused is guilty, ·beyond a reasonable doubt, it is their duty to acquit, but if, from such consideration

of all the evidence, they have no reasonable doubt as to the guilt of the accused, it is their duty to convict, and that the court therefore erred in its charge to the jury, for. which the accused is entitled to a new trial.    There seems to be a conflict in the authorities upon this subject, but, in our opinion, the greater weight of authority and the better reasoning of the courts sustain the view that the burden of proof is upon the state throughout a criminal trial, and that, where the evidence introduced on the part of the state or by the accused is sufficient to raise a reasonable doubt in the minds of the jury as to the guilt of the accused, he should be acquitted.    The supreme court of the United States, in the case of Davis v. United States, 160 U. S. 469, 16 Sup. Ct. 353, 40 L. Ed. 499, in a well considered opinion, uses the following language: "Strictly speaking, the burden of proof, as those words are understood in criminal law, is never upon the accused to establish his innocence, or to disprove the facts necessary to establish the crime for which he is indicted.    It is on the prosecution from the beginning to the end of the trial, and applies to every element necessary to constitute the crime."    In People v. Downs, 123 N. Y. 558, 25 N. E. 988, the Court of appeals of New York held: "The rule that in criminal cases the defendant is entitled to the benefit of a reasonable doubt applies not only to the case as made by the prosecution, but to any defense interposed."    That learned court in its opinion says: "We have decided so recently as to make further citation needless that the rule that in criminal cases the defendant is entitled to the benefit of a reasonable doubt applies not only to the case as made by the prosecution, but to any defense interposed."    In People v. Garbutt, 17 Mich. 22, 97 Am. Dec. 162, the Supreme Court of Michigan, speaking by Mr. Justice Coo-

ley, says: "There is no such thing in the law as the separation of the ingredients of the offense, so as to leave a part to be established by the prosecution, while as to the rest the defendant takes upon himself the burden of proving a negative. The idea that the burden of proof shifts in these cases is unphilosophical and at war with fundamental principles of criminal law. The presumption of innocence is a shield to the defendant throughout the proceedings, until the verdict of the jury establishes the fact that beyond a reasonable doubt he not only committed the act, but that he did so with malicious intent." In the case of People v. Cheong Foon Ark, 61 Cal. 527, the Supreme Court of California held: "It is a cardinal rule in criminal cases that the burden of proof rests on the prosecution. It would manifestly be shifting this burden from the prosecution to the defendant to require the latter to establish his defense by a preponderance of evidence, and would deprive him of the doctrine of reasonable doubt, to the benefit of which he is justly and everywhere held entitled."

The court in the case at bar very properly instructed the jury as follows: The court further instructs the jury that in this case the law raises no presumption against the defendant; that every presumption of law is in favor of his innocence, and, in order to convict him of the criminal offense alleged and charged in the information, every material fact necessary to constitute such offense must be proven beyond a reasonable doubt; and, if the jury entertain any reasonable doubt upon any single fact or element necessary to constitute such offense, then it is your duty to give the defendant the benefit of such doubt and acquit him." It will be observed that between this part of the charge to the jury and that part to which exception

is taken there is a conflict which it is quite difficult to reconcile, and the tendency of which must have been to mislead the jury. It will be noticed that the jury are told in this last portion of that charge that "If the jury entertain any reasonable doubt upon any single fact or element necessary to constitute such an offense, then it is your duty to give the defendant the benefit of such doubt and acquit him;" but in the former part of the charge it will be noticed that the burden of proof is placed upon the accused to show by a preponderance of the evidence that he had not committed the offense, and that his motive in making the assault was not unlawful, and therefore he was not guilty of the crime charged.

By section 311 of the Penal Code a battery is defined as "any willful and unlawful use of force or violence upon the person of another." And in section 312 it is provided as follows: "To use or to attempt to offer to use force or violence upon or towards the person of another is not unlawful in the following cases: * * * (3) When committed either by the party about to be injured, or by any other person in his aid or defense, in preventing or attempting to prevent an offense against his person, or any trespass or other unlawful interference with real or personal property in his lawful possession; provided the force or violence used is not more than sufficient to prevent such offense." To constitute an unlawful battery, therefore, the burden of showing that the act was unlawful rests upon the state. But where a battery is committed, and no excuse or justification appears from the evidence of the state, it will be presumed to be unlawful until there is evidence introduced on the part of the accused tending to prove that the alleged battery was lawful, within one of the excep-

tions contained in the law.    Under the plea of not guilty,
which raised not only the issue as to whether or not the bat-
tery was committed, but also whether or not it was lawful, it
was competent for the accused to introduce evidence in sup-
port of his claim that the battery was justified; and, if the evi-
dence upon that question upon the part of the accused was suf-
ficient to raise a reasonable doubt in the minds of the jury as
to whether or not the battery was justified, it was the duty of
the jury to acquit.    If, on the other hand, after a comparison
of all the evidence, the jury were satisfied that the accused
did willfully and unlawfully use force or violence upon the
complaining witness, then it was their duty to convict, and
the question of burden of proof and preponderance of the evi-
dence on the part of the accused was not involved in the case,
and could not be properly considered by the jury.    While it
was not necessary for the state, in making out its case, to go
further than to show that force or violence was used upon the
person of the complainant, the burden of proof still rested up-
on the state, in case the accused offered evidence tending to
prove that he was justified in the use of force or violence, to
satisfy the jury beyond a reasonable doubt that he was acting
willfully and unlawfully in the use of such force or violence.

The view we have taken seems to be recognized by the
lawmaking power by the provisions of section 382 of the Code
of Criminal Procedure, which provides; ''Upon a trial for mur-
der, the commission of the homicide by the defendant being
proved, the burden of proving circumstances of mitigation, or
that justify or excuse it, devolves upon him, unless the proof
on the part of the prosecution tends to show that the crime
committed only amounts to manslaughter, or that the defendant

was justifiable or excusable." The Legislature having made special provision upon the subject in that particular class of cases, the intention to leave the general rule as governing other classes of criminal cases is quite evident. We think this intention in making the exception to the general rule is quite clear from the section itself, and such seems to have been the view of the Supreme Court of California in the case of People v. Cheong Foon Ark, supra. In that case the court, in its opinion, says: "The court further instructed the jury as follows: 'The prosecution in a criminal case is bound to make out its case beyond a reasonable doubt. A mere preponderance of testimony is not sufficient. A preponderance of testimony is sufficient, as I understand the decision of the Supreme Court, to make out the innocence of the defendant.' The learned judge misunderstood the rule as laid down by the Supreme Court. It is true that such has been held to be the rule in the single case of homicide; and, in that particular case because section 1105 of the Penal Code provides that, where the commission of the homicide by the defendant has been proved, the burden of proving circumstances of mitigation or that justify or excuse the killing devolves upon the defendant, but as to other crimes, in respect to which there is no similar statutory provision, a different rule exists, as was held by this court in the case of People v. Marshall, 8 Pac. Coast Law J. 841. Mr. Justice Ross, delivering the opinion in that case, says: "It is a cardinal rule in criminal cases that the burden of proof rests on the prosecution. It would manifestly be shifting this burden from the prosecution to the defendant to require the latter to establish his defense by a preponderance of evidence, and would deprive him of the doctrine of a rea-

sonable doubt, to the benefit of which he is justly and everywhere held entitled.' "

Under these authorities, it is quite clear that that portion of the charge excepted to was erroneous, and the judgment of the court below and order denying a new trial are reversed, and a new trial is ordered.