THE STATE OF OHIO, APPELLEE, *v.* YOUST, APPELLANT.

(No. 780—Decided May 27, 1943.)

*Mr. Ross Michener,* prosecuting attorney, and *Mr. A. G. Lancione,* for appellee.

*Mr. Victor J. Kehrer* and *Messrs. Kerr & Irwin,* for appellant.

CARTER, J.  On January 13, 1943, the grand jury of Belmont county returned an indictment against the accused charging that he "did commit fornication with one Lynn Youst by * * * having sexual intercourse with the said Lynn Youst, the said Lynn Youst being then and there the daughter of the said Samuel Youst," of which relationship Samuel Youst then and there had knowledge.

The accused entered a plea of not guilty and on February 2, 1943, the cause came on for trial to the court and jury, resulting in a verdict of guilty.  A motion for new trial was filed, overruled, and the accused sentenced.  Appeal is prosecuted to this court.

The evidence indicates that Lynn Youst was an adopted daughter of the accused.

Section 13023, General Code, provides:

"Whoever, being nearer of kin by consanguinity or affinity than cousins, having knowledge of such relationship, commit adultery or fornication together, shall be imprisoned in the penitentiary not less than one year nor more than ten years."

Was the accused, under the evidence, guilty of the crime of incest as above defined? We must start out with the premise that there are no common-law crimes in Ohio, and that criminal statutes must be strictly construed. Lynn Youst was not the daughter of the accused as we understand that relationship. She was an adopted daughter only; she was not of the blood of Samuel Youst or of his wife. None of their blood coursed through the veins of the adopted daughter. The relationship was not actually one of father and daughter, or mother and daughter, but that of adopted daughter, and the fact that she was an adopted daughter could not by the wildest stretch of the imagination constitute her the natural daughter of the accused.

In the case of *People* v. *Kaiser*, 119 Cal., 456, 51 P., 702, the court said:

"The word 'daughter' means * * * 'an immediate female descendant,' and not an adopted daughter, a stepdaughter, or a daughter-in-law."

Of course, the parties were not related by consanguinity. Was Lynn Youst a blood relative of the wife of Samuel Youst? This, of course, must be answered in the negative.

In *Chinn* v. *State,* 47 Ohio St., 575, 26 N. E., 986, 11 L. R. A., 630, affinity has been defined as follows:

"Affinity is the relationship which arises from marriage between one of the spouses and the blood relations of the other, and does not include persons related to the other simply by affinity. Therefore a husband is not related by affinity to his wife's brother's wife, and sexual intercourse between them, though immoral, is not an indictable offense within the provisions of Section 7019, Revised Statutes."

If affinity is the relationship which arises, from marriage, between one of the spouses and the blood rela-

tions of the other, certainly the marriage between Youst and his wife created no blood relationship between the wife and the adopted daughter. We think our Supreme Court has settled this question as above indicated, and we find no instance where that court has subsequently changed or in any way modified the definition or its applicability to the case at bar, and we feel impelled to follow that holding until the Supreme Court of the state disapproves or modifies the same, and it is unnecessary to look beyond the confines of this state for a definition of the word "affinity," referred to in the incest statute.

In the opinion, the trial court stated that in its judgment affinity was a broader term than indicated in the case of *Chinn* v. *State, supra*. However, we are of the view that if the Legislature desires to include others than the blood relations of the other spouse, so as to include those adopted, that body should act and the meaning of the statute should not be extended by judicial construction. Whether the accused may be guilty of any other crime we do not decide, but we are clearly of the opinion that the accused cannot, under the evidence, be legally convicted of the crime of incest, and that the conviction and sentence are contrary to law. This being the case, there is no reason or justification for granting a new trial.

The judgment of the Court of Common Pleas is reversed and the accused discharged.

*Judgment reversed.*

PHILLIPS, P. J., and NICHOLS, J., concur.