STATE *v.* LEE.

(In Banc.   March 13, 1944.)

[17 So. (2d) 277.   No. 35418.]

312

Greek L. Rice, Attorney-General, by R. O. Arrington,
Assistant Attorney-General, for appellant.

**H. H. Parker,** of Poplarville, and **J. E. Stockstill,** of Picayune, for appellee.

**Griffith, J.,** delivered the opinion of the court.

A demurrer was sustained to an indictment charging appellee with incest with his adopted daughter. Exhibited with the indictment, and made a part of it, is the decree of the chancery court by which the female concerned was adopted by appellee in the full measure as

allowed by Sec. 358, Code 1930,—the adopted child not being otherwise related to appellee either by affinity or consanguinity.

The question whether a man may be deemed guilty of incest with his adopted daughter has not heretofore been presented in any appellate court, so far as we can find. Whether there has never before been any such case on its facts, or whether such a case has never heretofore been thought to fall within incest statute, we do not know. Certainly the charge is not within the common law, if it can be said that there is a common law on the subject, because the parties here are not related either by blood or marriage.

Sec. 774, Code 1930, Sec. 2000, 2 Code 1942, provides that "persons being within the degrees within which marriages are declared by law to be incestuous and void, who shall . . . be guilty of a single act of adultery or fornication, upon conviction shall be punished by imprisonment in the penitentiary," etc. Secs. 2359, 2360, Code 1930, Secs. 457, 458, 1 Code 1942, declare that the father shall not marry his daughter or his stepdaughter, etc. The question then is whether an adopted daughter is a daughter within the cited statutes,—in the criminal aspect. Admittedly she is not a stepdaughter.

The rule of construction generally applicable to statutes is that, unless the contrary sufficiently appears, words in a statute are to be interpreted according to their usual and most common sense, and for this usual and most common sense, the courts may, as a proper course, resort to the standard dictionaries in general use among the people; and doing so we find the definition of daughter as commonly used to be as follows: "The female offspring of a man or woman; an immediate female descendant." Or turning to the law dictionaries we find: 1 Bouv. Law Dict., Rawle's Third Revision, p. 757; "Daughter, a female child; an immediate female descendant." Black's Law Dictionary, "Daughter, an immediate female descendant." See, also, 17 C. J., p. 1131; 25 C. J. S.,

Daughter, p. 1005. In considering what was charged in an indictment by the use of the word daughter it was said in People v. Kaiser, 119 Cal. 456, 51 P. 702, 703, that "the word 'daughter' means, and is generally understood to mean, 'an immediate female descendant,' and not an adopted daughter, a stepdaughter or a daughter-in-law."

And what we have here is a criminal prosecution as to which the rule is that the construction is one of strictness in favor of the defendant, and that whatever sense of detestation the court may entertain towards a party upon the facts, courts nevertheless may not impose punishment upon one not within the strict letter of the law.

The wisdom of this rule is illustrated by the present case. Some members of a court might regard relations such as here charged as deserving the same punishment as in the case of a father and his daughter or stepdaughter, while others might say that in the case of an adopted daughter the punishment should be the same as in the case of a guardian of the person and a female ward who resides with him, and is not his wife. As to the latter the legislature has made it, not a felony, but a misdemeanor, Sec. 775, Code 1930, Sec. 2001, 2 Code 1942. What punishment the legislature would prescribe in the case of an adopted daughter, whether that pronounced in the case of a daughter or stepdaughter, or whteher that in the case of a female ward, or whether somewhere in between the two, there is no way now to know.

It is, therefore, for the legislative department to include an adopted daughter by a plain statute, fixing the punishment, not for us to engraft it or read it into one of the existing statutes by way of construction, however much we may think it ought to be somewhere there. Compare Chancellor v. State, 47 Miss. 278. We are of the opinion that the action of the learned circuit judge in sustaining the demurrer was correct.

Affirmed.