BOROUGHS, et al. *v.* OLIVER, et al.

Apr. 20, 1953

No. 38684          28 Adv. S. 1          64 So. 2d 338

*Witty, Wheatley & Pierce* and *Sydney A. Smith, Jr.,* for appellants.

*Lipscomb & Ray* and *H. T. Holmes,* for appellees.

Arrington, J.

Appellants, Mrs. Minnie Witty Boroughs, and A. M. Boroughs, brought suit in the Circuit Court of Montgomery County against James Earl Oliver, a minor, and Mr. and Mrs. Earl Oliver, his parents, seeking to recover damages for the death of William Armistead Boroughs, their adopted son, whose death was alleged to have been caused by the negligence of the appellees. The appellees incorporated in their answer a special plea that this action was brought under Sec. 1453, Miss. Code of 1942, and that said statute vests the cause of action in the natural mother, who is still living, or the other blood relatives specifically enumerated in said statute, and not his adoptive parents. The lower court sustained this plea, dismissing the suit "without prejudice to the right of deceased's natural mother and/or father, if living, or personal representative, to bring another action for the alleged wrongful death of the deceased." From this judgment the appellants have appealed.

That part of Sec. 1453, Miss. Code of 1942, which enumerates the persons entitled to bring a suit for an alleged wrongful death is as follows: "Whenever the death of any person shall be caused by any real wrongful or negligent act, or omission, or by such unsafe machinery, way or appliances as would, if death had not ensued, have entitled the party injured, or damaged thereby to maintain an action and recover damages in respect thereof, and such deceased person shall have left a widow or children, or both, or husband, or father, or mother, or sister, or brother, the person or corporation, or both that would have been liable if death had not ensued, and the representatives of such person shall be liable for damages, notwithstanding the death, and the fact that death was instantaneous shall, in no case

affect the right of recovery. The action for such damages may be brought in the name of the personal representative of the deceased person, for the benefit of all persons entitled under the law to recover or by widow, for the death of her husband, or by the husband for the death of the wife, or by the parent for the death of a child, or in the name of a child, or in the name of a child for the death of a parent, or by a brother for the death of a sister, or by a sister for the death of a brother, or by a sister for the death of a sister, or a brother for the death of a brother, or all parties interested may join in the suit, and there shall be but one suit for the same death which shall ensue for the benefit of all parties concerned; but the determination of such suit shall not bar another action unless it be decided on its merits. . . ."

The only question before this Court for determination is whether under the above statute the adoptive parents were authorized to bring suit for the death of their adopted child. The appellant contends that the words "parent," "father," or "mother," in Sec. 1453 should be construed to include adoptive parents. "Section 1453 is our adaptation of Lord Campbell's Act, 9 & 10 Vict. chap. 93, which in derogation of the common law gave a cause of action to the executor or administrator of a person whose death had been caused by defendant's 'wrongful act, neglect or default.' Our statute extended this right to the widow or other appropriate heirs of the deceased when the death has been 'caused by any real wrongful or negligent act, or omission, or by (any) unsafe machinery, way or appliances' in cases where the injured party, had he survived, could have maintained an action in respect thereof." Hasson Grocery Co. v. Cook, 196 Miss. 452, 17 So. 2d 791. The court held further that the cause of action did not survive at common-law; that ▮▮▮ the statute creates a new and independent cause of action and that the statute must be strictly construed. It is well settled in this state that stat-

utes in derogation of the common law will be strictly construed; Hollman v. Bennett, 44 Miss. 322; Amos v. Mobile and Ohio R. R. Co., 63 Miss. 509; McInnis v. State, 97 Miss. 280, 52 So. 634; Potter v. Fidelity and Deposit Company, 101 Miss. 823, 58 So. 713; City of Jackson v. Wallace, 189 Miss. 252, 196 So. 223.

In the case of Amos v. Mobile and Ohio Railroad Company, supra, the Court held that the mother, under Sec. 1510, Code of 1880, had no right of action for the wrongful killing of her minor child (though the sole parent). The Court, in its opinion, said: "The declaration showed no right of action in appellant. Section 1510 of the Code of 1880, copied from the Code of 1857, created a cause of action which did not exist at common law; but this statutory cause of action was limited to cases in which the deceased person 'left a widow or children, or both, or husband or father.' 'The parent,' mentioned in one portion of the statute, in whose name action might be brought to recover damages for the death of a child, must be referred to the parent previously designated in the statute, to wit, the father left by the deceased. This defect in the statute was remedied by the act of 1884, Acts of 1884, p. 75, but this was done subsequently to the injury here complained of, and to the bringing of this suit, and it cannot avail appellant."

The appellant also contends that the adoptive parents have the right to bring this suit for the reason that the effect of the adoption statute is to transfer all obligations and rights regarding the child from the natural parents to the adoptive parents.

In 16 Am. Jur., Death, Sec. 100, we find the following: "In the case of the death of an adopted child, the question whether an action for wrongful death may be maintained for the benefit of the adoptive or natural parent of the decedent must necessarily depend upon the terms of the wrongful death statute considered in the light of the adoptive parent's status as defined by the adoption statute. According to some authorities, a right.

granted by statute to a surviving father or mother to recover damages for the death of their child, caused by wrongful act, is a right granted to the actual father or mother of such child, and not a right granted to an adopting parent. Some decisions which construe the term 'next of kin,' in the cause of a death statute designating the beneficiaries, to mean the next of kin by blood, have held that in the case of an action for the death of an adopted child, the natural, and not the adopting parent is the next of kin, under a statute concerning adoption which wholly fails to bestow upon the adopting parent any right to inherit the estate of the adopted child.''

Our adoption statute, Sec. 1269, Miss. Code 1942, provides: ''. . . And the petitioner shall also state in the petition what gifts, grants, bequests or benefits he proposes to make or confer, if any, upon the person sought to be adopted. . . .'' This statute does not provide that the adoptive parents shall inherit from the adopted child. This statute further provides: ''. . . and thereafter the petitioner shall have and exercise over such person so adopted all such power and control as parents have over their own children.''

The Court, in the case of Sledge v. Floyd, 139 Miss. 398, 104 So. 163, with reference to our adoption statute, said: ██ ██ ''Our law does not provide in terms that the child on being adopted ceases to be regarded as the child of its natural parents. It does divest the natural parents of the custody and control of the child, but the statutes do not in terms relieve the natural parents from the legal obligations imposed on the parent by law, and do not in terms provide that the child shall cease to be regarded as the child of its natural parent.''

In 1 Am. Jur., Adoption of Children, Sec. 2, page 651, it is stated: ''It is the usual effect of a decree of adoption to transfer from the natural parents to the adoptive parents the custody of the child's person, the duty of obedience owing by the child, and all other legal consequences and incidents of the natural relation, in the same

manner as if the child had been born of such adoptive parents in lawful wedlock, subject, however, to such limitations and restrictions as may be by statute imposed . . . The right of the adoptive parent to maintain an action to recover damages for negligence resulting in the adopted child's death must, of course, depend upon the terms of the statute affording the action generally, considered in the light of the adoptive parent's status as defined by the adoption statute. It is, therefore, not strange, in view of this twofold dependence upon the legislation of particular jurisdictions, that no general rule can be formulated. Under a statute giving a right of action to the 'surviving father or mother,' it has been held that no action can be maintained by the adoptive parent. And the same result has been reached on the theory that the next of kin of the adopted child, for whose benefit the action for wrongful death was authorized, are, under an adoption statute giving the adoptive parents no right of inheritance from the child, not the adoptive parents, but the next of kin by blood . . .''

We are unable to agree with appellant's contention that the adoptive parents have the right to bring this suit under our adoption statute. We must look to the meaning of the word ''parent'' as used in the wrongful death statute.

In the case of State v. Lee, 196 Miss. 311, 17 So. 2d 277, the Court said that the rule of construction generally applicable to statutes is that, ''. . . unless the contrary sufficiently appears, words in a statute are to be interpreted according to their usual and most common sense, and for this usual and most common sense, the courts may, as a proper course, resort to the standard dictionaries in general use among the people. . . .''

Webster's New Collegiate Dictionary defines ''parent'' as ''one who begets or brings forth off-spring; a father or a mother.'' The same dictionary defines ''mother'' as ''a female parent, especially one of the human race; ancestress; that which has produced or

nurtured anything, source of birth or origin." "Father" is defined as "one who has begotten a child, or male parent."

In the case of State v. Lee, supra, the Court had before it the question of the sufficiency of an indictment charging the appellee with incest with his adopted daughter, a demurrer to said indictment having been sustained in the lower court. The court held that the word "daughter" did not include an adopted daughter and that, "it is, therefore, for the legislative department to include an adopted daughter by a plain statute, fixing the punishment, not for us to engraft it or read it into one of the existing statutes by way of construction, however, much we may think it ought to be somewhere there."

We are of the opinion that the word "parent" means the natural father or mother of the child. Sec. 1453, Code of 1942, supra, has been the law of this state since 1857, and although it has been amended a number of times, it has not been amended to give the adoptive parents the right to sue for the wrongful death of an adopted child. At the time it was passed, the word "parent" could only mean natural parent, as the adoption statute was not passed until fourteen years later. We do not feel warranted in extending this statute by construction beyond its express terms. Any enlargement of the statute is a matter for the legislature.

Affirmed.

*McGehee, C. J.,* and *Lee, Kyle,* and *Ethridge, JJ.,* concur.