

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

June 12, 1963

Hon. Henry Wade
District Attorney
Records Building
Dallas 2, Texas

Dear Sir:

Opinion No. C- 97

Re: May a man marry the adopted
daughter of his father with-
out violating the provisions
of Articles 496 and 497,
Vernon's Penal Code?

You have requested an opinion of this office on the fol-
lowing question:

"May a man marry the adopted daughter of
his father?"

In your letter you note that Article 496, Vernon's Penal
Code, prohibits a man from marrying the following persons:

"... his mother, his father's sister or
half-sister, his mother's sister or half-
sister, his daughter, daughter of his father,
mother, brother, or sister or his half-brother
or sister, daughter of his son or daughter,
his father's widow, his son's widow, his wife's
daughter, or daughter of his wife's son or
daughter."

You also point out that Article 497, Vernon's Penal
Code, prohibits a woman from marrying the following persons:

"... her father, her father's brother, or
half-brother, her mother's brother or half-
brother, her own brother or half-brother, her
son, son of her brother or sister or her half-
brother or half-sister, son of her son or
daughter, her mother's husband, her daughter's
husband, her husband's son, or son of her hus-
band's son or daughter."

From a reading of these statutes the question thus re-
solves itself, in the terms of the statutes, to whether the
man can marry the adopted daughter of his father (where the
said daughter does not otherwise fall within the class of

-479-

persons enumerated in Article 497 or 498) if she falls within the definition of "the daughter of his father" or whether the said adopted daughter can marry the man if he is, in the terms of the statute, "her own brother". However, under the stated facts, to answer the first is to answer the second because if the girl the man proposes to marry is not the daughter of his father, it necessarily follows that the man could not be her brother.

Article 8 of Vernon's Penal Code provides in part as follows:

> "... all words used in this Code, except where a word, term or phrase is specially defined, are to be taken and construed in the sense in which they are understood in common language, taking into consideration the context and subject matter relative to which they are employed."

The offense of incest was not a common law crime. Tuberville v. State, 4 Tex. 128. Therefore, we must look to the words of the statute "taken and construed in the sense in which they are understood in common language, taking into consideration the context and subject matter relative to which they are employed." As there are no Texas cases in point, we are constrained to construe the statute and the meaning of the word "daughter" as the Court of Ohio has construed it. In State v. Youst, 74 Ohio App. 381, 59 N.E.2d 167, 168 (1943), the court said:

> "... Lynn Youst was not the daughter of the accused as we understand that relationship. She was an adopted daughter only; she was not of the blood of Samuel Youst or of his wife. None of their blood coursed through the veins of the adopted daughter. The relationship was not actually one of father and daughter, or mother and daughter, but that of adopted daughter, and the fact that she was an adopted daughter could not by the wildest stretch of the imagination constitute her the natural daughter of the accused.

> "In the case of People v. Kaiser, 119 Cal. 456, 51 P. 702, 703, the court said: 'The word 'daughter' means ... 'an immediate female descendant,' and not an adopted

daughter, a step-daugher or a daughter-in-law.'"

Accord State v. Lee, 196 Miss. 311, 17 So.2d 277 (1944).

We are, therefore, of the opinion that a man who marries the adopted daughter of his father, if such adopted daughter does not fall within any of the class of persons mentioned in Articles 496 and 497 of Vernon's Penal Code, does not violate the incest statutes of the State of Texas and such marriage would be a valid marriage, provided all the other prerequisites of a valid marriage were complied with.

### S U M M A R Y

A male citizen of the State of Texas may marry the adopted daughter of his father without violating the incest statutes of Texas, Articles 495 to 498 inclusive, Vernon's Penal Code, if the said adopted daughter does not fall within any of the class of persons set out in Articles 496 and 497, Vernon's Penal Code, and provided all the other necessary prerequisites of a valid marriage are complied with.

Yours truly,

WAGGONER CARR
Attorney General of Texas

By Norman V. Suarez
Norman V. Suarez
Assistant Attorney General

NVS:nss

APPROVED:
OPINION COMMITTEE
W. V. Geppert, Chairman
Howard Fender
Polk Shelton
Samuel Strong Pharr
Jack G. Norwood

APPROVED FOR THE ATTORNEY GENERAL
BY:  Stanton Stone