# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2002-IA-02117-SCT

*COLEMAN POWERMATE, INC., BRIGGS &*
*STRATTON CORPORATION AND WAL-MART*
*STORES, INC.*

*v.*

*RHEEM MANUFACTURING COMPANY AS*
*ASSIGNEE OF THE ESTATE AND WRONGFUL*
*DEATH BENEFICIARIES OF SARAH JANE KING,*
*DECEASED*

| | |
|---|---|
| DATE OF JUDGMENT: | 11/6/2002 |
| TRIAL JUDGE: | HON. LAMAR PICKARD |
| COURT FROM WHICH APPEALED: | JEFFERSON COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANTS: | ROBERT H. PEDERSEN |
| | JAMES A. BECKER, JR. |
| | ALLEN LAMAR BURRELL |
| | ROY A. SMITH, JR. |
| | KENNETH R. LANG |
| | AMY M. DECKER |
| ATTORNEYS FOR APPELLEE: | GREGORY K. DAVIS |
| | GEORGE E. CAIN |
| | DEBORAH McDONALD |
| | EDWARD F. KOHNKE |
| NATURE OF THE CASE: | CIVIL - CONTRACT |
| DISPOSITION: | REVERSED AND RENDERED - 08/19/2004 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**COBB, PRESIDING JUSTICE, FOR THE COURT:**

¶1.     This case, which is based on an unusual set of facts, raises an issue of first impression for this Court. Specifically, does Mississippi's assignment statute together with Mississippi's wrongful death statute allow a defendant tortfeasor to settle with plaintiffs on a wrongful death claim, then bring an action, as assignee of the plaintiffs' wrongful death claim, against what would have been a joint tortfeasor had the action been brought initially by the plaintiffs against both tortfeasors?  Most jurisdictions that have tackled the question of assignability of wrongful death claims have declined to allow the assignment of wrongful death claims, for various reasons. Based on the facts of this case, we do not reach the question today of whether a wrongful death may ever be assigned.  However, for such a case as this one, where one tortfeasor attempts to use the Mississippi assignment statute to bring a wrongful death claim as assignee against another tortfeasor, we hold the wrongful death claim is not assignable.

### FACTS

¶2.     In February, 1996, as a result of an ice storm, Mrs. Sarah Jane King's residence was without power.  Her son-in-law had purchased a gasoline powered electrical generator at Wal-Mart owned Sam's Club, and brought it to Mrs. King's house.  The generator was made by Coleman Powermate and was driven by a Briggs & Stratton engine.  The generator was in the utility room of Mrs. King's home and either Mrs. King or one of her family members[1] was filling the generator with gasoline, when gasoline was spilled onto the floor of the utility room.  Fumes from the spilled gasoline ignited, and Mrs. King was severely injured.  She died eleven days later.  There is no agreement as to what source may have ignited the spilled gasoline fumes.

---

[1] It is unclear who poured the gasoline.  The original complaint stated that it was Mrs. King; an amended complaint filed almost two years later stated it was Mrs. King's son; Rheem's appeal brief says it was Mrs. King's husband.

¶3.     Litigation proceeded in two stages. Initially, in April, 1997, Mrs. King's son and administrator of her estate, Ellis King (King), filed a wrongful death action on behalf of Mrs. King's wrongful death beneficiaries[2] against Rheem Manufacturing Company, maker of the gas water heater that was also situated in the utility room, alleging that the heater's gas pilot light ignited the gasoline vapors and that the water heater was defective. The water heater had been purchased and installed by Mrs. King's son-in-law. The suit also named as defendants Southern Pipe & Supply Company, the seller of the Rheem water heater, and Syn Inc. and Herring Gas Co, suppliers of natural gas to the King residence. Southern Pipe & Supply, Syn, Inc. and Herring Gas agreed to a settlement totaling $150,000 and were dismissed with prejudice from the suit.

¶4.     During settlement negotiations, Rheem suggested to King that Coleman Powermate Inc., Briggs & Stratton Corporation, and Wal-Mart Stores, Inc., (collectively "Coleman"), as makers and sellers of the generator, should be joined as additional defendants in the suit because the design of the gas tank may have contributed to the fuel spill. Because King's attorney thought this would weaken the case against Rheem, a decision was made not to join Coleman. However, King's attorney suggested that any additional claims against Coleman might be assigned to Rheem as part of the settlement agreement. In October, 1998, Rheem agreed to settle with King for $7.6 million. As part of the settlement agreement, King and the other wrongful death beneficiaries released Rheem from liability and assigned to Rheem all rights they might have against other parties concerning this incident.

¶5.     At this point, rather than dismissing the action against Rheem, King, along with Rheem as assignee, filed an amended complaint in January, 1999, against Rheem and Coleman, raising negligence and strict

---

[2] The wrongful death beneficiaries under Mississippi's wrongful death statute, Miss. Code Ann. § 11-7-13, were her husband and thirteen children.

liability claims, and requesting all damages that could have been awarded to the estate of Mrs King and to the wrongful death beneficiaries of Mrs. King, including compensatory and punitive damages. Rheem then answered its own complaint, admitting all the substantive allegations made against it and Coleman. Included in Rheem's answer was a cross-claim for indemnity, contribution and reimbursement against Coleman.

¶6.    After intervening delays,[3] in August, 2002, Coleman moved for and was granted partial summary judgment dismissing King because he had no real interest in the claims in the amended complaint, and realigning Rheem as the plaintiff and real party in interest. In September, 2002, Coleman moved for summary judgment on all claims. The circuit court denied this motion and also denied a motion for reconsideration and a petition for certification for interlocutory appeal. Coleman then filed a petition to this Court for interlocutory appeal, which we granted. *See* M.R.A.P. 5.

¶7.    Coleman's primary issue on appeal is whether the wrongful death beneficiaries' assignment of their rights to Rheem authorizes Rheem to prosecute a wrongful death action for Mrs. King's death under Mississippi's wrongful death statute. Coleman also raises issues regarding Rheem's cross claim for indemnity, contribution and reimbursement, but according to Rheem, it no longer brings these claims because of its realignment as plaintiff in this suit. Rheem states that Miss. Code Ann. § 85-5-7 (1999),[4] confers a right of contribution in tort to a defendant that is jointly liable with other parties, but concedes that because there has been no legal judgment against it, contribution, indemnity, and reimbursement are not

---

[3] The case was removed to federal court and remanded back to state court. After this, the case was removed from the active circuit court docket until July, 2002, pending bankruptcy proceedings of Coleman's parent company, Sunbeam Corp.

[4] Section (4) of Mississippi's allocation of fault statute states: "Any defendant held **jointly liable** under this section shall have a right of contribution against fellow joint tort-feasors. A defendant shall be held responsible for contribution to other joint tort-feasors only for the percentage of fault assessed to such defendant." Miss. Code Ann. § 85-5-7 (emphasis added)

available to it under Mississippi law. Therefore, this opinion deals only with the wrongful death claim. We hold that Rheem's cross claims for contribution, indemnity, and reimbursement are to be dismissed with prejudice.

¶8. We are persuaded that Mississippi's wrongful death statute is not the appropriate avenue for a claim such as this between parties that are, in reality, both adverse to the original plaintiffs. We hold that the trial court erred as a matter of law when it denied Coleman's motion for summary judgment. A wrongful death claim is not assignable by a wrongful death beneficiary to one tortfeasor to be asserted against another joint tortfeasor.

## ANALYSIS

¶9. The standard for granting summary judgment is set forth in Miss. R. Civ. P. 56. We review de novo the granting or denying of summary judgment and examine all the evidentiary matters before us -- admissions in pleadings, answers to interrogatories, depositions, affidavits, etc. The burden of demonstrating that no genuine issue of fact exists is on the moving party. That is, the non-movant is given the benefit of the doubt. *McCullough v. Cook*, 679 So.2d 627, 630 (Miss. 1996). If, in this view, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law, summary judgment should be entered in that party's favor. The party opposing the motion must be diligent and may not rest upon allegations or denials in the pleadings but must set forth specific facts showing that there are indeed genuine issues for trial. *Richmond v. Benchmark Constr. Corp.*, 692 So.2d 60, 61 (Miss. 1997). A motion for summary judgment is not a substitute for trial of disputed fact issues. Accordingly, the court cannot try issues of fact on a Rule 56 motion; it may only determine whether there are issues to be tried. *Dennis v. Searle*, 457 So.2d 941, 944 (Miss. 1984).

5

¶10.    Coleman claims that the trial court should have granted summary judgment to them on the wrongful death claim because (1) Rheem is not an individual authorized by Mississippi's wrongful death statute to bring an action, thus it is statutorily prevented from bringing the action, (2) Rheem's attempt to take assignment in a wrongful death action is against the prevailing law of other jurisdictions, and (3) although Rheem calls its claim a wrongful death action, it is in reality a suit seeking contribution and/or indemnity, which it cannot do under Mississippi law.

¶11.    Rheem counters that there is nothing in the laws of Mississippi which would prohibit the assignment of a legal right; that the original plaintiffs have the legal right to settle with some parties and reserve their rights against others; and that Rheem, as assignee of the rights received from the original plaintiffs, now occupies the position of the plaintiffs, pursuing a remedy legally vested in them.

*Mississippi's Wrongful Death Statute*

¶12.    Contrary to some jurisdictions, Mississippi law generally allows assignment of *personal injury* claims through either the assignment statute, Miss. Code Ann. § 11-3-7 or the survival statute, Miss Code Ann. § 91-7-233 (Rev. 1994). However, the assignability of personal injury claims does not automatically extend to wrongful death claims, which are governed by the Mississippi wrongful death statute, Miss. Code Ann. § 11-7-13. "Claims for death exist solely by virtue of statute, and most commonly, such statutes vest the cause of action in a specified individual . . . while the right to the proceeds is given to separately specified persons . . ." R. D. Hursh, Annotation, *Assignability of Claim for Personal Injury or Death*, 40 A.L.R.2d 500, § 9[a], at 514 (1955). Mississippi's wrongful death statute specifies certain individuals who may bring an action for wrongful death and certain other individuals who may benefit from the proceeds of the claim:

6

> The action for such damages **may be brought** in the name of the personal representative of the deceased person **for the benefit of all persons entitled under the law to recover**, or by **widow** for the death of her husband, or by the **husband** for the death of the wife, or by the **parent** for the death of a child, or in the name of a **child**, or in the name of a child for the death of a parent, or by a **brother** for the death of a sister, or by a **sister** for the death of a brother, or by a **sister** for the death of a sister, or a **brother** for the death of a brother, or all parties interested may join in the suit, and there shall be but one (1) suit for the same death which shall ensue for the benefit of all parties concerned, but the determination of such suit shall not bar another action unless it be decided on its merits. . . .

Miss. Code Ann. § 11-7-13 (emphasis added). Defendants argue that because the wrongful death statute created a new cause of action in derogation of the common law, it must be strictly construed. *Franklin v. Franklin ex rel. Phillips*, 858 So.2d 110, 115 (Miss. 2003); *Boroughs v. Oliver*, 217 Miss. 280, 64 So.2d 338 (1953). Only those individuals listed in the wrongful death statute may bring this independent cause of action. *Partyka v. Yazoo Dev. Corp.*, 376 So.2d 646, 650 (Miss. 1979) (citing *Hasson Grocery Co. v. Cook*, 196 Miss. 452, 459, 17 So.2d 791 (1944)); *see also Franklin*, 858 So.2d at 115 (¶14) ("Only those individuals listed in the wrongful death statute may bring this independent cause of action."). Thus, defendants argue that because the wrongful death statute limits the authority to bring an action to specified individuals, and because it does not specifically allow assignment of actions, assignment of a wrongful death claim is not allowed. This argument has particular merit in reference to the present case. It is hard to envision that the Legislature intended that a tortfeasor should be able to settle with a wrongful death plaintiff, then turn around and sue putative joint tortfeasors using the plaintiffs' cause of action. To allow this would allow circumvention of the applicable statute controlling the right of contribution and allocation of fault. *See* Miss. Code Ann. § 85-5-7 (1999). There may be a situation in which a wrongful death claim would be assignable, but this is not it.

7

¶13.    Many jurisdictions distinguish between the assignment of the cause of action, and the assignment of the proceeds of the cause of action, the latter seen as a freely assignable property right rather than a statutory right. Andrea G. Nadel, Annotation, *Assignability of Proceeds of Claim for Personal Injury or Death*, 33 A.L.R.4th 82, § 8[a], at 106 (1984).  We do not address the assignability of proceeds of wrongful death claims, as this question is not before us.  Our holding is limited to the assignment of the wrongful death cause of action.

*Prevailing law in other jurisdictions.*

¶14.    "It seems well settled that, absent contrary statutory provisions, an individual who, under the applicable death statute, is authorized to bring an action to recover for a death may not assign to another his right to prosecute such action." *Assignability*, 40 A.L.R.2d 500, § 9[b], at 514.  Alabama and Georgia have adopted the view that wrongful death claims cannot be assigned because the wrongful death statute vests the right of recovery solely in the person(s) named in the statute.  Other states have held that the personal nature of wrongful death actions and the close relationship between the decedent and the beneficiaries preclude assignment of a wrongful death claim.  Some jurisdictions have determined that to allow assignment of wrongful death claims would increase the risks associated with maintenance and champerty.[5]   The following jurisdictions have determined that an action to recover for a death may not be assigned: Alabama - *Holt v. Stollenwerck*, 56 So. 912 (Ala. 1911) (dictum); Georgia - *Bloodworth v. Jones*, 11 S.E.2d 658 (Ga. 1940); New York - *Travelers' Ins. Co. v. Louis Padula Co.*, 121 N.E. 348 (N.Y. 1918); Oregon - *Rorvik v. North Pac. Lumber Co.*, 99 Or. 58, 190 P. 331, 195 P. 163

---

[5] Champerty is  "[a] bargain between a stranger and a party to a lawsuit by which the stranger pursues the party's claim in consideration of receiving part of any judgment proceeds."  Black's Law Dictionary 231 (6th ed. 1990).

(1920) (overruled on other grounds, *Hansen v. Hayes*, 175 Or. 358, 154 P.2d 202(1944); Pennsylvania - *Marsh v. Western New York & P. R. Co.* 204 Pa. 229, 53 A. 1001 (1903); Utah - *Re Behm's Estate* 117 Utah 151, 213 P.2d 657 (1950); Ariz -*Chevron Chem. Co. v. Superior Court*, 131 Ariz. 431, 641 P.2d 1275 (1982); Cal - *Mayo v. White*, 178 Cal. App. 3d 1083, 224 Cal. Rptr. 373 (5th Dist. 1986); Fla - *Clar v. Dade County*, 116 So. 2d 34 (Fla. Dist. Ct. App. 1959) (citing annotation); Mo - *Forsthove v. Hardware Dealers Mut. Fire Ins. Co.*, 416 S.W.2d 208 (Mo. Ct. App. 1967) (citing annotation).

¶15.    The only jurisdictions that have allowed assignment of wrongful death claims are Louisiana, Illinois, Texas, and Iowa. Louisiana and Illinois have statutory authorization for assignment of these claims in certain circumstances. Texas courts have sustained assignments of wrongful death claims when the assignments have been made after the filing of suit on the claims; such holdings have been made pursuant to a Texas statute authorizing the transfer of causes of action upon which suit has been filed, which has been construed to extend to death actions. *See Assignability*, 40 A.L.R.2d 500, § 9[c], at 515. Iowa has held that held a wrongful death claim assignment void, but only because of the lack of consideration, and not because the death claim was inherently nonassignable. *Flynn v. Chicago G. W. R. Co.*, 159 Iowa 571, 141 N.W. 401 (1913). No jurisdiction has yet authorized one tortfeasor to bring an action against a joint tortfeasor as assignee of the wrongful death beneficiaries.

*Mississippi law governing allocation of fault*

¶16.    Coleman argues that Rheem is attempting to use the Mississippi assignment statute[6] to bring a claim that it could not bring under Mississippi's allocation of fault statute,[7] and cites ***Wilson v. Giordano Insurance Agency, Inc.***, 475 So.2d 414 (Miss. 1985), to support this contention. ***Wilson***, which was decided prior to the current allocation of fault statute, determined that the Mississippi assignment statute did not override the existing common law prohibiting contribution between joint tortfeasors.  In ***Wilson***, a couple financed the purchase of a house through a mortgage company, purchasing flood insurance through a separate insurance agency.  The couple purchased the flood insurance during closing, but the mortgage company mistakenly told the insurance company to cancel the policy because it was not required. The insurance was cancelled without the knowledge of the purchasers and without a refund of the insurance premium from the insurance agent.  The house was subsequently damaged in a flood.  The mortgage company, recognizing its vulnerability, offered to pay the couple the full amount of the coverage the couple had originally purchased, and as part of the agreement, the couple assigned any claims they had against the insurance company to the mortgage company.  The mortgage company then filed suit against the insurance company as assignee of the couple.  This Court quoted the trial court's finding prior to affirming its dismissal of the mortgage company's lawsuit:

> It is the opinion of this Court that the assignment from the plaintiffs to [the mortgage company] was valid.  However, since this Court has found that [the mortgage company] is a joint tortfeasor, [it] is estopped from pursuing this action against [the insurance agency].

***Id.*** at 417.

---

[6] Miss. Code Ann. § 11-7-3 (1972).  This statute allows the assignee of any chose in action to sue for and recover on the action in his own name, as long as the assignment is in writing.

[7] Miss. Code Ann. § 85-5-7.

¶17. Rheem argues that the legal reasoning of *Wilson* is no longer valid and cites *Sneed v. Ford Motor Co.*, 735 So.2d 306 (Miss. 1999) in support of this contention. In *Sneed*, the passengers of an automobile involved in a rollover accident sued, among others, the driver of the vehicle and his parent's insurance company. The insurance company settled with the passengers prior to trial. The settlement agreement provided that the passengers would bring an action against Ford Motor Company, for which the insurance company would pay the expenses. Upon recovery, the insurance company would be paid its expenses and its settlement amount, after which additional proceeds would go to the passengers. The trial court determined the agreement to be champertous. This Court stated that the determination of the issue in *Sneed* was whether the insurers had a real and legitimate interest in the claims, or whether they should be characterized as intermeddling strangers and barred by the champerty statute as a matter of public policy. This Court held that the agreement was not champertous and was a valid assignment.

¶18. Rheem's argument is without merit. *Sneed* does not invalidate *Wilson*, because this Court did not address the issue that the insurance company may be viewed as a joint tortfeasor with Ford Motor Company. The only issue addressed by this Court was whether the contract between the insurance company and the plaintiffs was champertous, whereas in *Wilson*, even though the assignment was found to be valid, the validity of the assignment did not override the common law rule against contribution from joint tortfeasors.

¶19. Mississippi law now explicitly confers a right of contribution in tort to a defendant that is jointly liable with another party. Miss. Code Ann. § 85-5-7(4). This is contingent on there being a joint judgment against the defendants. *Estate of Hunter v. General Motors Corp.*, 729 So.2d 1264, 1275-76 (Miss. 1999). However, Rheem has conceded that, based on this statute, it is not eligible for contribution because there has been no judgment entered against it. There is no case cited by Rheem that shows that

11

the Mississippi assignment statute preempts the allocation of fault statute, and we decline to take this position.

## CONCLUSION

¶20.    We hold that the trial court erred as a matter of law when it denied defendants' motion for summary judgment on all claims. Rheem conceded without argument that its contribution and indemnity claims are not available to it under Mississippi law. Additionally, Mississippi's wrongful death statute does not confer upon a tortfeasor the right of assignment of a plaintiff's wrongful death cause of action. Therefore, we reverse the trial court's order denying the defendants' summary judgment motion, and we render judgment here in favor of Coleman Powermate Inc., Briggs & Stratton Corporation, and Wal-Mart Stores, Inc., dismissing the amended complaint, this action, and Rheem's cross claims with prejudice.

¶21.    **REVERSED AND RENDERED.**

**SMITH, C.J., WALLER, P.J., EASLEY, CARLSON AND RANDOLPH, JJ., CONCUR. DIAZ, GRAVES AND DICKINSON, JJ., NOT PARTICIPATING.**