HENRY S. WALLACE, petitioner and appellant,

*v.*

MARIE LOUISE WALLACE, defendant and respondent.

[Argued June 21st, 1907. Decided June 24th, 1907.]

1. In a suit by a husband for divorce on the ground of adultery, evidence *held* insufficient to show that petitioner did not have access to defendant during the period when a child born of defendant must have been conceived.

2. The presumption is that a child born in wedlock is the child of the marriage, though the presumption may be overcome by proof of non-access.

On appeal from a decree of the court of chancery advised by Vice-Chancellor Bergen, who filed the following opinion:

"This petitioner seeks a divorce from his wife upon the ground of adultery. The charge is based upon the fact that she was delivered of a child, which must have been conceived, according to the evidence in this cause, at a time when the husband did not have access to his wife, and as a consequence the child is not his child, but the child of a paramour of the defendant, not disclosed.

"The presumption is, and as I understand the law to be, that a child born in wedlock is the child of the married people. Of course, this presumption may be overcome, as it is sought to overcome it in this case by proof of non-access at a time when it makes it impossible to believe that the husband was the father of the child. That non-access is sought to be sustained in this case, first, by the testimony of the husband. He is clear in his statement that he did not have access to his wife from a period commencing Christmas eve, until May, 1905. He also seeks to corroborate that statement by the testimony of two witnesses, a Mr. Stone and a Mr. Price, who are both strangers to these parties, and apparently disinterested witnesses, and so far as I can judge from the manner in which they gave their testimony, I think they are intending to tell the truth.

"The whole question, therefore, if we are to rely upon these two witnesses, depends upon the question whether or not they may not be mistaken; whether these two men, being called upon to testify to a fixed condition of affairs existing from December, 1904, until May, 1905, their attention not being called to the circumstances until recently, may not be mistaken.

"The wife, on the other hand, says that the husband did have access to her. Her testimony is clear and unambiguous, and is as positive as the husband's, and she details with much particularity the circumstances and times under which the connection was had between herself and husband which resulted in the conception of this child.

"It becomes necessary, therefore, to gather in the outlying circumstances. In the first place, there is the testimony of the mother and the father of this defendant that the petitioner did visit their daughter, and did stay with her in her room on occasions during the months of January and February, 1905. If this is true, as they corroborate the defendant, the fact of the non-access would be disproved. I am disposed, in view of the serious consequences which might result from a decree in favor of the petitioner, here to hold that the husband did have access to her within the time mentioned. I think we cannot be too cautious in making a decree which would result in separating this woman from her husband, thus convicting her of being an adulteress, and making a child born in wedlock illegitimate. It is a serious thing to do, and the court, before doing it, ought to be very well satisfied that there is no possible escape from the conclusion that the charge made by the petitioner is true. Nor do I feel that I can be wrong about this, in view of the conduct of the petitioner. When he was told of his wife's condition, and it is proved that she wrote to him shortly after she discovered her condition, which was in March, 1905, he does not cease to visit her, but continues his visits to her, and goes with her to the physician in April to ascertain whether her supposed condition is the correct one, or whether she had some other internal infirmity which might have produced the symptoms which had induced her to believe that she was pregnant.

"He admits that he went to see her. He does not deny it, nor

does he deny visiting her, and the proof is full and complete. The colored man, the servant of Mrs. Wallace, says that the husband came there in the daytime and stayed with his wife. Thus the access is proven. He testifies that the husband entered the house with his own night key, and that he went up to his wife's room. Whether it is nighttime or daytime makes no difference. The access, I think, is fully proven.

"I appreciate what counsel has said. I know very well the feeling that the petitioner must have, and I am also willing to state that, if I am wrong in my conclusions, it is a sad condition for the petitioner. But I am here to administer equity between these parties, and being of the opinion that the petitioner has not sustained the burden of proof in such a way as to justify a decree in accordance with the prayer of the petition, I will have to advise that this petition be dismissed."

*Mr. S. Cameron Hinkle,* for the appellant.

*Mr. Clarence L. Cole,* for the defendant.

The opinion of the court was delivered by

SWAYZE, J.

We think the decree should be affirmed, for the reasons given by the learned vice-chancellor, but in affirming the decree it is not necessary to hold that the testimony of the husband was admissible to prove non-access to his wife. No objection was made to the reception of his testimony, but we desire to leave undecided the questions whether our Evidence act makes the testimony competent as against an objection, and whether public policy permits the objection to the testimony, if valid, to be waived by the adverse party.

*For affirmance*—THE CHIEF-JUSTICE, GARRISON, FORT, HENDRICKSON, SWAYZE, REED, TRENCHARD, BOGERT, VREDENBURGH, GREEN, GRAY, DILL—12.

*For reversal*—None.