[No. 1650, March 10, 1915.]

### GRATES v. GARCIA.

[Rehearing Denied May 15, 1915.]

### SYLLABUS BY THE COURT.

1. The presumption of law is that a child born in lawful
wedlock is legitimate, and the mother of such a child is not

a competent witness to prove that such child was not begotten by the man who became her husband before its birth.

P. 162

2. Where, in a suit in ejectment, plaintiff's title is based upon an alleged claim that he is the illegitimate son of a deceased owner of such real estate, and that such owner recognized him as such, in writing, prior to his death, and the evidence is conflicting as to whether such former owner could have begotten the claimant, a general verdict against such claimant will not be disturbed upon appeal.

P. 163

Appeal from District Court, Bernalillo County; H. F. Raynolds, Judge.

Action by Paul Grates, by his next friend, Barbarita Aragon Brown, against Petra Garcia. From judgment for defendant, plaintiff appeals. Affirmed.

T. N. WILKERSON and VIGIL AND JAMESON of Albuquerque and FRANK W. CLANCY of Santa Fe, for appellant.

There was no evidence to support the verdict, and it was error for the court not to grant appellant a new trial.

Hilliard on New Trials, 445 and authorities cited; Moore on Facts, secs. 69-76; Puritan Mfg. Co. v. Toti & Grady, 14 N. M. 425.

The rule in regard to the weight of uncontradicted witnesses is (except in Missouri) universally recognized.

Moore on Facts, sec. 76.

JOHN VENABLE, FELIX BACA and EDWARD A. MANN of Albuquerque, for appellee.

This is one of those dangerous cases, where claimants arise after the property owner's lips are sealed in death, and attempt to wrest the property of the decedent from his known heirs and acknowledged kin.

There is no competent proof that Elias Garcia was the father of this child.

Paul Grates was born in lawful wedlock, some months after the marriage of Jacob Grates and Juanita Aragon, the mother, and the presumption arises that the child was the legitimate child of such marriage.

1 Jones' Blue Book on Evid., sec. 93; Gaines v. N. Orleans, 6 Wall. 642; Gaines v. Herman, 24 How. 553; Adger v. Ackerman, 115 Fed. 124; Tachman v. Tachman, 201 Ill. 280; Weatherford v. Weatherford, 56 Amer. Dec. 206 and note; see note in 94 Am. St. R. 180.

On account of this presumption the mother was not a competent witness on the subject of legitimacy and her testimony should not have gone to the jury.

1 Jones' Blue Book, sec. 97; Mink v. State, 60 Wis. 583, 50 Am. Rep. 386; Shuman v. Shuman, 83 Wis. 250, 53 N. W. 455; Clapp v. Clapp, 97 Mass. 531; Com. v. Shepard, (Pa.) 6 Am. Dec. 449; Cross v. Cross, 3 Paig. Chi. (N. Y.) 139, 23 Am. Dec. 778.

We do not contend that the presumption is not rebuttable, but do contend that there is no competent evidence sufficient to rebut it.

There was no general or notorious recognition of the child. Such recognition is one where the child is given the father's name, generally recognized among the relatives of the reputed father as such, or taken into the family or home of the reputed father.

5 Cyc. 633; Markey v. Markey, 108 Ia, 373, 79 N. W. 258; McCorkendale v. McCorkendale, 111 Ia. 344, 82 N. W. 754; Watson v. Richardson, 110 Ia. 672, 80 N. W. 407; Duncan v. Pope, 47 Ga. 445.

Motions for a new trial are addressed to the sound discretion of the trial court.

Cunningham v. Springer, 14 N. M. 259.

Such motion is not subject to review except where an abuse of discretion is shown.

U. S. v. Lewis, 11 N. M. 459; Terr. v. Romero, 11 N. M. 474; Bushnell v. Coggshall, 19 N. M. 601.

## OPINION OF THE COURT.

ROBERTS, C. J.—Elias Garcia died intestate on the 9th day of July, A. D. 1910, the owner of real estate involved in this suit. The plaintiff claimed to be the illegitimate child of said Garcia, and that he had been recognized as such in writing, and brought this action in ejectment to recover possession of the real estate of which his alleged father died seized. Upon the trial it was stipulated that all the property described in the complaint was the property of Elias Garcia at the time of his death; that said Garcia was never married; that, in the absence of direct heirs, all the property would be inherited by his mother, Petra G. Garcia, and that the said Petra G. Garcia was at all times mentioned in the complaint in possession of the same. The case was tried to a jury upon issue framed upon two questions, viz.: (1) Was the plaintiff the illegitimate son of Elias Garcia; and (2) was he recognized as such in writing? The jury returned a general verdict for the defendant, upon which judgment was rendered for defendant, from which judgment this appeal is prosecuted.

Section 2038, C. L. 1897, reads as follows:

> "Illegitimate children shall inherit from the mother and the mother from the children; they shall inherit from the father whenever they have been recognized by him as his children, but such recognition must have been general and notorious, or else in writing. And they shall inherit only when the father has no legitimate children."

Appellant claims that there is no evidence to support the verdict returned by the jury. In view of this contention, it is necessary to review the facts in the case.

On behalf of the plaintiff, his mother testified that Elias Garcia was the father of the child; that it was be-

gotten in Albuquerque, N. M., in September or October, 1899; that she was married to one Jacob Grates in March or April, 1900, and that the child was born about three months after her marriage to Jacob Grates; that some time afterwards she received a letter from Garcia in which he acknowledged that he was the father of the child; that the letter had been lost or destroyed. She also tes-tified in detail of the relations which existed between the parties and the facts in the case. The above statement, however, summarizes briefly the material portions of her evidence. Two other witnesses, the sister of the plain-tiff's mother and her husband, were produced by plain-tic, who testified to having seen the alleged letter wherein it was claimed Garcia had recognized that he was the father of plaintiff, and as to the contents of the letter.

On behalf of the defendant three witnesses were intro-duced who testified that Garcia was not in Albuquerque between August, 1899, and January or February, 1900; one of said witnesses having roomed with him constantly in Kansas City, Mo., during a large portion of the time while he was so absent from Albuquerque.

[1]   It being conceded that Paul Grates was born in lawful wedlock, the presumption arises that he was the legitimate child of such marriage. This rule is universal, and is laid down by Prof. Jones, in his "Blue Book on Evidence, vol. 1, § 93, as follows:

"There is no presumption of law more firmly
established and founded on sounder morality and
more convincing reason than the presumption
that children born in wedlock are legitimate."

See, also, Gaines v. New Orleans, 6 Wall. 642, 18 L. Ed. 950; Gaines v. Hennen, 24 How. 553, 16 L. Ed. 770; Adger v.Ackerman, 115 Fed. 124, 52 C. C. A. 568; Zach-mann v. Zachmann, 201 Ill. 380, 66 N. E. 256, 94 Am. St. Rep. 180; Weatherford v. Weatherford, 20 Ala. 548, 56 Am. Dec. 206, and note.

This presumption being thus raised, the mother was not a competent witness, under the facts in this case, to prove that the child was not begotten by the man who became her husband before its birth (Jones on Evidence,

De Witt v. U. S. F. & G. Co., 20 N. M. 163

§ 97; Wallace v. Wallace, 137 Iowa, 37, 144 N. W. 527, 126 Am. St. Rep. 253, 15 Ann. Cas. 761, and note, 14 L. R. A. [N. S.] 544, and note), and the court should not have permitted her to testify that the child was begotten by Garcia.

[2] But, even assuming that her testimony could be considered by the jury, she was disputed by the evidence that at the time conception must have occurred Garcia was not in Albuquerque, where she was, and by other facts and circumstances, so that the question as to whether Garcia was the father of the child was a disputed question of fact for the jury to decide. The jury having determined that Garcia was not the father of the child, and its verdict being supported by substantial evidence, this court will not interfere with or disturb the same, and the remaining questions attempted to be raised by appellant become of no importance.

Finding no prejudicial error in the record, the judgment will be affirmed; and it is so ordered.

HANNA and PARKER, JJ., concur.

