[File No. 6161.]

ANNIS MATHILDA DRUEY, Respondent, v. JOHN H. DRUEY, Appellant.

(249 N. W. 782.)

Opinion filed July 29, 1933.   Rehearing denied August 15, 1933.

*Paul Campbell,* for appellant.

*C. B. Davis,* for respondent.

BURKE, J.   The plaintiff brings this action against the defendant for separate maintenance on the ground of extreme cruelty.   The defendant files a cross complaint for divorce on the ground of desertion. After a trial the trial judge found that the plaintiff and defendant

were married in the city of Bismarck on June 9, 1927. That since the 14th day of August, 1931, the defendant has failed to furnish all of the necessary support of the plaintiff and has not lived with the plaintiff since that time. That the plaintiff's health and earning ability is such that she is unable to wholly support herself and that the sum of $25 per month is necessary for the support of the plaintiff in addition to her earning ability. As a conclusion of law the court found (1) that the defendant is not a citizen of the United States and cannot maintain an action for divorce. (2) That the plaintiff have judgment against the defendant for the sum of $25, payable forthwith and the further sum of $25 per month support money to be paid on or before the 5th day of each month, beginning January 5, 1933, until the further order of the court. The plaintiff was also allowed $50 attorney fees, payable $10 per month, beginning January 5, 1933 until paid. Judgment was duly entered on the findings and the defendant appeals.

Prior to her marriage the plaintiff was living at Sawyer, North Dakota and after the marriage the defendant rented a house in the city of Minot and moved the family into this house, which was largely furnished with furniture which the plaintiff had at the time. The defendant was employed in the city park at Minot at $100 per month. At the end of each month he brought his check for $100 and left it with Mrs. Druey to cash. The boy got work in the park also and paid into the family fund $28 to $30 a month for board during the summer. In the winter he did chores and attended the high school, graduating in due time and left to engage in business for himself. The older girl also graduated from the high school and got steady employment, paying her board and buying things occasionally for her younger sister, who worked in a store Saturdays and holidays.

The house provided by the defendant was a large house and Mrs. Druey kept boarders and roomers and every member of the entire family, including the plaintiff, was industrious and anxious to do something to help.

There was no trouble between the plaintiff and defendant until about a year before he left home. He claims that the trouble arose over Dorothy, the younger girl, going out nights, but there is nothing in the record which reflects upon Dorothy, and it is the contention of appellant that under § 4434, Compiled Laws, for 1913, he is under no legal

obligation to support Dorothy. Section 4434 reads as follows: "A husband is not bound to maintain his wife's children by a former husband; but if he receives them into his family and supports them, it is presumed that he does so as a parent and when such is the case, they are not liable to him for their support, nor he to them for their services." Under this statute a husband can stand on his strict legal rights and refuse to have anything to do with his stepchildren, but when he receives them into his family the law presumes that he does so as a parent and they stand in their relations to each other as parents and children.

The defendant testified as follows:

"Q. Did you ever have any discussion with her (the plaintiff) about the boy and about his getting through school, of any kind?

"A. No. She told me the first fall we were married, she says 'We will help Floyd through school, then he will help the girls,' and I said 'All right, that is fine.' . . .

"Q. And you say that you never had any talk with her . . . about the children living with you?

"A. No, sir. I expected they would live with us but I didn't expect to keep them the rest of their natural life. . . .

"Q. . . . It was understood at least if you didn't have any conversation about it, that when you married her she had the children and it would be on you to take care of them . . . ?.

"A. Well didn't I take care of them? Aint I taking care of them up till the present day?"

Mrs. Druey and the girls testified, in substance, that Mr. Druey had said that the children would have bread and butter as long as he was working. Mr. Druey moved the family into a house, which he had provided in the city of Minot; he expected the children would live with them and with some resentment said in answer to a question, "Well didn't I take care of them? Aint I taking care of them up to the present day?"

"A step-parent does not, merely by reason of the relation, stand in loco parentis to the stepchild, . . . But a step-parent who voluntarily receives the stepchild into the family and treats it as a member thereof stands in the place of the natural parent, and the reciprocal rights, duties, and obligations of parent and child continue as long as

such relation continues." 46 C. J. 1337; Englehardt v. Yung, 76 Ala. 534; Re Harris, 16 Ariz. 1, 140 Pac. 825, Ann. Cas. 1916A, 1175; Holloway v. Holloway, 86 Ga. 576, 12 S. E. 943, 11 L.R.A. 518, 22 Am. St. Rep. 484; Mowbry v. Mowbry, 64 Ill. 383; Attridge v. Billings, 57 Ill. 489; Brush v. Blanchard, 18 Ill. 46; Chicago Manual Training School Asso. v. Scott, 159 Ill. App. 350; Rule v. Rule, 204 Iowa, 1122, 216 N. W. 629; Mulhern v. McDavitt, 16 Gray, 404; Coakley's Case, 216 Mass. 71, 102 N. E. 930, Ann. Cas. 1915A, 867, 4 N. C. C. A. 508. Re Besondy, 32 Minn. 385, 20 N. W. 366, 50 Am. Rep. 579; Wicoff v. Moore (Mo.) 257 S. W. 474; St. Ferdinand Loretto Academy v. Bobb, 52 Mo. 357; State ex rel. Deckard v. Macom (Mo. App.) 186 S. W. 1157; Eickhoff v. Sedalia, W. & S. W. R. Co. 106 Mo. App. 541, 80 S. W. 966; Sargent v. Foland, 104 Or. 296, 207 Pac. 349; Young v. Hipple, 273 Pa. 439, 117 Atl. 185, 25 A.L.R. 1541.

In the case of Fischer v. Fischer, 106 Neb. 477, 184 N. W. 116, 21 A.L.R. 306, the Nebraska Court said: "The plaintiff also cites in this connection, 21 Cyc. 1152, to the effect that a husband is under no legal obligation to support the children of his wife by a former marriage, which is undoubtedly correct, barring a great many exceptions, particularly in cases where the children live with their stepfather as a part of his family. Neither is the wife legally liable for the support of the husband's children. But we would be loath to conclude from such premises that a woman marrying a widower with minor children owed no duty of nurture and maternal advice to them. Plaintiff has cited us to no authority supporting such proposition, and we are pleased to say that our researches have revealed none. So long as the widow with children are permitted to remarry, we think the doctrine contended for would be contrary to natural instincts and public policy."

In August 1931, the defendant rented a small apartment in the City of Minot and demanded of the plaintiff that she abandon Dorothy, then a minor, and go and live with him in the apartment. The plaintiff refused to abandon her minor child and the defendant left and since that time has lived separate and apart from the plaintiff.

Under subdivision 8 of § 4383, Compiled Laws, 1913, a husband may choose any reasonable place or mode of living and if the wife does not conform thereto it is desertion.

It is clear, from the record in the instant case, that the selection of the small apartment, by the defendant as a home, was for the purpose of getting rid of Dorothy and that was made a condition of the plaintiff's right to reside in the new home selected for her by her husband.

It is well settled that the desertion, which is grounds for divorce, must be wilful and while the husband has the right to choose any reasonable place or mode of living, his request or demand that his wife follow him into the new home must be without unreasonable conditions. The conditions imposed by the defendant, in the instant case, viz.: that the plaintiff abandon her minor child was an unreasonable condition and the plaintiff's refusal to comply was not desertion. It follows that defendant was not entitled to a divorce on his cross-bill and since there was no desertion on the part of the plaintiff she is entitled to the very modest limited support provided in the judgment.

Dorothy was only twelve years old when the plaintiff and defendant married and the defendant received her into the family, treating her as a member thereof, contributing largely to her support and education and, in law, standing in the place of the natural parent with their reciprocal rights, duties and obligations the same as those of parent and child.

His only complaint is the girl Dorothy and she was nearly through high school before there was any trouble over her. Mr. and Mrs. Druey are entitled to great credit for the way they worked and managed to put all three children through the high school and it is most unfortunate that trouble arose before Dorothy was secure in a position in which she could support herself and help the family. There probably would have been no trouble were it not for the world wide depression, which brought misery and trouble in so many homes throughout the world, but the depression cannot last and the effect will cease with the cause. The children must be very bright and industrious to graduate from the high school so young in years, but possibly they have been so busy with their studies and their work that they have had no time for the consideration of anything except that in which they are directly interested and that they do not realize and fully appreciate the sacrifices made by the good mother and stepfather to educate and equip them for the battle of life. A little acknowledgment and appreciation on their part made manifest by active efforts to help and not to hinder

and a little forbearance on the part of the plaintiff and defendant would probably result in a happy family reunion. Surely it is worth a trial and in the meantime the judgment must be affirmed.

NUESSLE, Ch. J., and BIRDZELL, CHRISTIANSON and BURR, JJ., concur.