473 P.2d 360

Martha Helen NUNN, Plaintiff-Appellant,

v.

Arthur Edward NUNN, Defendant-Appellee.

No. 9021.

Supreme Court of New Mexico.

July 20, 1970.

Ray Hughes, Deming, for plaintiff-appellant.

Dwight D. Arthur, John F. Schaber, Deming, for defendant-appellee.

## OPINION

COMPTON, Chief Justice.

Samuel John Nunn, the natural son of the appellant, died in Vietnam leaving a $10,000.00 Servicemen's Group Life Insurance policy without designating a beneficiary. The codefendant below, Prudential Insurance Company, the insurer, paid one-half of the proceeds to the appellant. The other one-half of the proceeds were claimed by both the appellant and the appellee. Appellant brought this suit seeking to enjoin Prudential from paying the balance to the appellee and requiring payment to herself. Prudential paid the $5,000.00 balance into court and is not further involved in the case. The cause was tried to the court without a jury and judgment was entered in favor of the appellee and appellant filed this appeal.

Appellant assigns numerous errors in the findings of facts and the conclusions of law of the trial court. However, the parties agree that the decisive question on appeal is whether the appellee is a "parent" within the meaning of the Servicemen's Group Life Insurance Act, 38 U.S.C. §§ 765–775. 38 U.S.C. § 770(a) lists the priority of beneficiaries who take in the event that the insured does not designate a beneficiary. The applicable portion of this section states:

"Fourth, if none of the above, to the *parents* of such member or former member or the survivor of them; * * *." (Emphasis added).

The appellee was not the natural father or the adopting father of the insured. The deceased was born out of wedlock to the appellant in Arizona on February 18, 1948. The initial birth certificate of the insured showed no last name and did not indicate the name of the father. There is evidence to the effect that the whereabouts of the natural father is unknown and that he never had any connection with the appellant or the insured. Appellant and appellee were married on August 22, 1952 and in August, 1954, they obtained a delayed birth certificate for the deceased which recited that the appellee was the father of the deceased and listed the deceased's last name as Nunn. Appellant and appellee were separated on or about July 22, 1966, and were divorced on October 22, 1966. Samuel John Nunn entered the military service on September 19, 1967 and was killed in Vietnam on September 10, 1968.

Evidence presented below establishes that the appellee's relationship to the deceased was that of "stepfather or of a *person in loco parentis*." Therefore, we must determine whether a person in such relationship is included in the classification of "parents" under the Servicemen's Group Life Insurance Act. In attempting to resolve this question, we fail to find any statutory or case law to aid us. The term is not defined in the Act nor is there any case law upon this particular point.

The Servicemen's Group Life Insurance Act is one of a series of Veteran's Insurance Programs that have been enacted beginning with the War Risk Insurance Act in World War I. The program enacted precedent to the Servicemen's Group Act was the National Service Life Insurance Act, 38 U.S.C. §§ 701–724. That particular act specifically defined the term "parent" to include stepparents and persons in loco parentis. Then why was the term specifically defined in the one act and not in the other? We are inclined to the view that Congress in framing the National Service Act concluded that the word "parent" was a word that did not normally include within its meaning a person in loco parentis or a stepparent and, therefore, in order to broaden the meaning of the term Congress specifically defined the term in the Act. However, in the Servicemen's Group Act, the word "parents" was not specifically defined because only the normally accepted limited meaning of the term was intended. It is well settled that unless

the contrary appears, statutory words are presumed to be used in their ordinary and usual sense and with the meaning commonly attributable to them. State v. Reinhart, 79 N.M. 36, 439 P.2d 554; State v. Martinez, 48 N.M. 232, 149 P.2d 124. The word "parents" used in its ordinary and usual sense means one who begets or brings forth an offspring, and usually denotes consanguinity rather than affinity. Also, it commonly refers to the natural father and mother, to blood relation. 67 C. J.S. p. 624; 31 Words and Phrases p. 101. See Torres v. Gonzales, 80 N.M. 35, 450 P.2d 921. This is apparently the administrative construction placed on the term, as appellant's exhibit 5, a letter to appellee from the Headquarters, United States Marine Corps, states that the order of precedent established by 38 U.S. Code § 770, where no beneficiary is selected, is "Widow or Widower, children in equal shares, or natural parents in equal shares."

The construction we place upon the word "parents" is supported by the further wording of 38 U.S.C. § 770(a). This subsection consists of six subparagraphs setting forth the order of priority of those that take when the insured fails to specify a beneficiary. The sixth paragraph contains a catchall provision:

"Sixth, if none of the above, to *other next of kin* of such member or former member entitled under the laws of domicile of such member or former member at the time of his death." (Emphasis added).

The reference to "other next of kin" implies that the previously enumerated relationships, including "parents," were encompassed within the term next of kin. The term "next of kin" in its ordinary and common meaning is defined as a blood relationship. 28A Words and Phrases p. 214. Nor do we feel that the fact that legally adopting parents would inherit under the provisions of § 29-1-17, N.M.S.A.1953,

would broaden the ordinary meaning of the term, unless the provisions of subsection Sixth were applicable.

■ Therefore, we conclude that the word "parents" as used in 38 U.S.C. § 770(a) is limited to only the natural parents of the insured and that the statute did not contemplate including a person who was a stepparent or person in loco parentis as was appellee. The insured under the Servicemen's Group Life Insurance Act could have designated any beneficiary he desired, but having failed to do so, the proceeds must be paid to the restricted classes enumerated. Subsection (b) of § 770, 38 U.S.C., provides:

"If any person otherwise entitled to payment under this section does not make claim therefor within one year after the death of the member or former member, or if payment to such person within that period is prohibited by Federal statute or regulation, payment may be made in the order of precedence as if such person had predeceased the member or former member, and any such payment shall be a bar to recovery by any other person."

The rights of the natural father were not raised in the pleadings or at trial by any of the parties and we must therefore assume, for purposes of resolving the issues in this appeal, that no timely claim was made by the natural father of the deceased.

Other claimed errors by the trial court are asserted for a reversal of the judgment but, in view of what has been said, a discussion of these would serve no beneficial purpose.

The judgment should be reversed with direction to the trial court to enter a new judgment awarding the remaining $5,000.00 insurance proceeds to the appellant.

It is so ordered.

WATSON, and SISK, JJ., concur.