492 P.2d 138

Rebecca Flick MELVIN, Plaintiff-Appellee,

v.

Peter Delton KAZHE, Defendant-Appellant.

No. 9318.

Supreme Court of New Mexico.

Dec. 30, 1971.

Shipley, Durrett, and Conway, Alamogordo, for defendant-appellant.

Jack T. Whorton, Alamogordo, for plaintiff-appellee.

## OPINION

McMANUS, Justice.

Plaintiff filed a complaint alleging the defendant to be the father of her twin children. The District Court of Lincoln County, sitting without a jury, found the defendant to be the father of the twins and awarded support moneys and attorney fees. The defendant appeals.

The record reveals that the plaintiff recounted many trysts between herself and the defendant, commencing the latter part of July, 1968 and continuing through the 2nd of July, 1969. Automobiles, bachelor officers quarters and plaintiff's home provided the situs of the many alleged intercoursal rendezvous.

The plaintiff and defendant met a short time prior to the activities alleged. The conception date of the twins was placed by the mother as October 22–23, between 10:00 p. m. and 2:00 a. m., in the year 1968. During this period and for the next month plaintiff was a married woman living in the same household with her then husband. A divorce action ensued, the complaint being filed on November 21, 1968 in the District Court of El Paso County, El Paso, Texas. The final decree of divorce was entered on January 21, 1969. It is noted that the former husband left the home approxi-

mately a month after the alleged conception date and is ostensibly supporting other children born previous to the advent of the twin children. The former husband was not a party to, nor did he appear in this litigation. There was testimony that the defendant told a military chaplain the children were his. Other testimony indicated that members of defendant's family attended the christening of the twin children. Still other testimony reflected that defendant signed a bank deposit book in the names of the two children. The children were given the defendant's last name by their mother, plaintiff herein. Interrogatories of the defendant appearing in the record reflect his denial of paternity.

The earliest New Mexico case treating this subject is Grates v. Garcia, 20 N.M. 158, 148 P. 493 (1915). The case established, in New Mexico, the presumption of law that a child born in wedlock is legitimate.

■ The later case of Salas v. Olmos, 47 N.M. 409, 143 P.2d 871 (1943), sets down the point that children born in wedlock are presumed to be legitimate. In addition to this presumption both Grates and Salas, supra, either expressly held, or at least so indicated, that the husband or wife, and particularly the wife, is incompetent to testify as to non-access by her husband. This rule had its beginning in dictum announced by Lord Mansfield in 1877. Such a rule has now been largely repudiated by modern scholars and in case law. See 7 Wigmore, Evidence, § 2063–64 (3d Ed. 1940); Ventresco v. Bushey, 159 Me. 241, 191 A.2d 104 (1963), and Moore v. Smith, 178 Miss. 383, 172 So. 317 (1937). In the Moore case, supra, the mother of the child born during wedlock was not allowed to testify as to the non-access of her husband. On appeal of said cause the Supreme Court of Mississippi said, after discussing the Lord Mansfield reasoning for the rule and other reasons:

"We conclude, therefore, that domestic and social policy does not require the exclusion of the evidence here under consideration, and that justice would be best promoted by admitting it; consequently, the court below erred in excluding it."

Therefore, to the extent that Grates and Salas, supra, stand for the rule that a mother or a father are incompetent to testify as to non-access, those cases are now overruled. As of now our law is clear that the husband and wife are both competent to testify for the purpose of rebutting the presumption of legitimacy, and this includes non-access.

■■ Regardless of which rule any state follows, the child is presumed legitimate. The plaintiff testified that she and her husband were living together at the time of the conception of the children. A showing of circumstances merely creating doubt or suspicion is not sufficient to rebut the presumption of legitimacy arising from conception during marriage. See Grates, supra.

■■ We reaffirm the degree of proof required to overcome the presumption of legitimacy laid down in Torres v. Gonzales, 80 N.M. 35, 450 P.2d 921 (1969), which is that the presumption that a child born in wedlock is legitimate may be rebutted only where the evidence is clear, cogent and convincing. Applying this test to the case at hand, we find no substantial evidence which is sufficiently clear, cogent and convincing to overcome the presumption of legitimacy.

This cause will be reversed and remanded with directions to dismiss plaintiff's complaint. It is so ordered.

OMAN and MONTOYA, JJ., concur.