The **PRUDENTIAL INSURANCE COMPANY OF AMERICA, Plaintiff,**

v.

**Caroline JOHNSON and Clarence P. Johnson, Claimants and Respondents,**

and

**Martin W. Sperle, Claimant and Appellant.**

**Civ. No. 8784.**

Supreme Court of North Dakota.

Feb. 22, 1972.

**116**

———◆———

Tenneson, Serkland, Lundberg & Erickson, Fargo, for claimants and respondents.

Gordon O. Hoberg, Napoleon, for claimant and appellant.

STRUTZ, Chief Justice.

The claimant Martin Sperle and Caroline Johnson formerly were husband and wife, having been married on July 29, 1946. Two children were born to this marriage, a daughter and a son, David Francis, who was born on August 20, 1950. The parties were divorced in 1958, and Caroline was given custody of the two children with rights of visitation given to the father. The father was required to make monthly support payments for the children, which he reluctantly made when forced to do so by order of the court.

On June 12, 1959, Caroline married the claimant Clarence Johnson. Thereafter, the two children lived with their mother and their stepfather. No proceedings ever were instituted by the Johnsons for the adoption of the children, although it was discussed. Proceedings were brought to change the name of the children from Sperle to Johnson.

In June 1969, sometime after he was graduated from high school, the boy, David, entered the United States Army. In the service he was covered by a group life policy issued by the plaintiff, The Prudential Insurance Company of America, for the sum of $10,000. David failed to designate a beneficiary or beneficiaries, as he had a right to do. Under 38 U.S.C. Sec. 770, a portion of the law which provides for the veterans insurance programs, any amount of insurance which might become due on a policy shall be paid to the beneficiary designated. If no beneficiary is designated, payment shall be made to the widow or widower of the member, and if no widow or widower survives, then to the member's children. The Act then goes on to provide:

"Fourth, if none of the above, to the parents of such member or former member or the survivor of them."

David was killed in Viet Nam on May 17, 1970, as a result of enemy action. He had not been married and left no widow or children. Caroline and Clarence Johnson made application for the proceeds of the insurance policy, and Prudential Insurance Company paid to Caroline, as the mother, one-half, or $5,000, of the amount due under the policy. Because Prudential was in doubt as to whom it should pay the balance of the policy proceeds, it deposited such balance with the district court and petitioned the court for an appropriate order.

Both Clarence Johnson, the stepfather, and Martin Sperle, the natural father, thereafter filed claims to this money. After a hearing, the trial court held that although there had been no adoption of David by Clarence Johnson, Johnson had in fact accepted the boy into his family and had furnished him with the necessities of life and the guidance of a natural father, and that he therefore stands in the place of the natural parent, and that the reciprocal rights, duties, and obligations of parent and child existed and continued as long as the relationship continued.

Judgment was entered awarding to Clarence Johnson the money deposited in

the office of the clerk of court. The clerk was ordered to pay such money to Clarence Johnson. From that judgment the claimant Sperle has appealed to this court.

The only issue for us to determine on this appeal is whether ·Clarence Johnson, the stepfather, or Martin Sperle, the natural father, is entitled to the proceeds of the balance due under this policy as the "parent" of David under the facts set forth above.

We need not decide what the status of Clarence Johnson would have been had he adopted David. No proceedings ever were brought for his adoption. The mere fact that Johnson married David's mother did not make him David's father.

The trial court placed considerable reliance in this case upon the decision of this court in the case of Druey v. Druey, 63 N.D. 786, 249 N.W. 782 (1933), wherein the stepfather had voluntarily received his wife's daughter into the family. Thereafter, he rented a small apartment and demanded that the wife abandon the child and live with him. The wife refused to do so, and the stepfather left. The wife then brought an action for separate maintenance and the husband counterclaimed for divorce on the ground of the wife's desertion. This court held that although the law permits the husband to choose any reasonable place or mode of living, and the wife must conform to it, it is not desertion on her part where the condition imposed by the husband is unreasonable, to wit, that the wife abandon her minor child. The failure of the wife to conform to such condition did not amount to desertion. In that connection, the court pointed out that under the law a stepparent does not, because of the relationship of being a stepparent, stand in loco parentis to the stepchild; but that a stepfather who voluntarily receives the stepchild into his family and treats the stepchild as a member of the family stands in place of the natural parent, and the ·reciprocal rights, duties, and obligations of parent and child continue so long as the relationship continues, citing Section 4434,

Compiled Laws of 1913, now Section 14–09–09, North Dakota Century Code. The court further pointed out that ordinarily a husband is under no legal obligation to support the child of the wife by a former marriage, nor ·is the wife legally liable for the support of the husband's children by a former marriage. However, if they accept such children into the family, they stand in place of the natural parents so long as the relationship continues. The *Druey* case and the later case of Anderson v. Anderson, 68 N.W.2d 849 (N.D.1955), merely stand for the proposition that where the husband receives into his home the children of the wife by a former marriage, it is presumed that he supports them as a parent, and they are not liable to him for their support nor is he liable to them for services which they might render.

The case of Nunn v. Nunn, 81 N.Mex. 746, 473 P.2d 360 (1970), comes the closest of any which we have been able to discover to being in point to the case which we have before us. In that case, the mother of an illegitimate child married the defendant, who was not the natural father of the child. The parties thereafter secured a delayed birth certificate reciting that the defendant was the father. The parties later were divorced. Thereafter, the boy entered the military service and was killed in Viet Nam. The deceased serviceman had made no designation of beneficiary on his insurance policy, and the question of who was entitled to the proceeds of the insurance policy faced Prudential Insurance Company, the same insurer which appears in the case at bar. Half of the policy proceeds was paid to the mother and the balance was deposited in court. The trial court in that case determined that the stepfather .was a "parent" of the serviceman and therefore entitled to the balance due on the policy. On appeal, the Supreme Court of New Mexico reversed the trial court, holding that "parent" means one who begets or brings forth a child, and that the word "parents," as used in the Servicemen's Group Life Insurance Act, is ·limited to natural parents; that the deceased's stepfather, who was not the

serviceman's natural father and who had married the natural mother after the serviceman's birth, was not qualified to receive any benefits from such insurance as a "parent."

We have much the same situation in the case before us. If anything, in the New Mexico case, the stepfather had a stronger case than is true in the suit at bar. In the New Mexico case, the parties, after their marriage, obtained a delayed birth certificate which named the stepfather as the father, in addition to giving the child the stepfather's name. But the New Mexico court held that the word "parent" referred to only the natural father.

We must reach the same result in this case. We cannot conclude that because the stepfather married the mother, the child automatically became his as an incidental attachment of the mother. To hold that the stepfather must be considered a parent because he had received the child into the family—although had he not done so he admittedly would not be the father—would result in the necessity of determining the issue of whether a stepfather is a parent on the facts in each individual case as it arises. The serviceman in this case had the right to designate his beneficiary. He could have named his mother, his stepfather, his natural father, or anyone else he saw fit to name. We cannot speculate on the reason for his failure to designate a beneficiary.

For reasons stated above, we hold that the word "parents," as used in the Servicemen's Group Life Insurance Act, does not include a stepfather who had not legally adopted the insured. The judgment appealed from is reversed, with direction to the trial court to enter a new judgment awarding the $5,000 insurance proceeds on deposit with the clerk of the district court to the claimant and appellant Martin W. Sperle.

PAULSON, ERICKSTAD, TEIGEN and KNUDSON, JJ., concur.