129 N.J. Super. 405 (1974)
324 A.2d 48
ATHENE SARTE, PLAINTIFF-APPELLANT,
v.
VINCENT JAMES PIDOTO, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued April 22, 1974.
Decided July 25, 1974.
*407 Before Judges CONFORD, HANDLER and MEANOR.
Mr. Peter J. Selesky argued the cause for appellant (Messrs. Selesky, Kolsky & Epstein, attorneys).
Mr. Alfred A. Levinson argued the cause for respondent (Messrs. Levinson, Conover, Fink & Axelrod, attorneys).
Ms. Nadine Taub filed a brief on behalf of amici curiae American Civil Liberties Union of New Jersey and Women's Rights Litigation Clinic of Rutgers Law School.
The opinion of the court was delivered by HANDLER, J.A.D.
This is a filiation case under N.J.S.A. 9:16-2 brought originally in the Edison Township Municipal Court but tried in the Cranbury Municipal Court on a change of venue. Following an adverse determination, plaintiff filed a notice of appeal to the County Court requesting a trial by jury. The denial of this request and the trial of the matter in the County Court without a jury require a reversal and remand.
The distinctions between custody and support proceedings under Chapter 16 of Title 9, N.J.S.A. 9:16-1 et seq., and bastardy actions under Chapter 17 of Title 9, N.J.S.A. 9:17-1 et seq., have been the subject of considerable judicial treatment. E.g., Leonard v. Werger, 21 N.J. 539 (1956); Borawick v. Barba, 7 N.J. 393 (1951); F. v. M., 96 N.J. Super. 335 (App. Div.), certif. den. 50 N.J. 300 (1967); *408 M. v. F., 60 N.J. Super. 156 (App. Div. 1960); State v. Arbus, 54 N.J. Super. 76 (App. Div. 1959); Hall v. Centolanza, 28 N.J. Super. 391 (App. Div. 1953); Jessen v. De Bernardo, 52 N.J. Super. 391 (App. Div. 1953).
Most instructive for present purposes is Leonard v. Werger, supra. That case involved the question of whether a mother in a filiation proceeding under Chapter 16 was entitled to an appeal and a trial de novo before the County Court. The court analyzed the interrelationship between Chapter 16 and Chapter 17 proceedings. It noted that although Chapter 16 had no provision for such an appeal, it did by N.J.S.A. 9:16-4 provide that actions under that chapter shall be heard by the courts which entertain Chapter 17 actions. Id. 21 N.J. at 541-542. It held that by virtue of that statutory directive, since there was explicit authority under N.J.S.A. 9:17-20 for an appeal to the County Court, this evinced a legislative intent to permit appeals in Chapter 16 actions in accordance with Chapter 17 appeals procedures. Id. at 542.
N.J.S.A. 9:17-20 provides in critical part that in an appeal to the County Court, "[u]pon request of either party the appeal shall be tried before a jury." We are satisfied that the impetus of Leonard v. Werger, supra, entails the application of this provision of N.J.S.A. 9:17-20 to a situation involving a Chapter 16 appeal wherein either party has requested a jury trial. The reasoning of the court in Leonard v. Werger, supra, would be deflected illogically if the right to an appeal and a trial de novo in the County Court in a Chapter 16 case, found to be authorized by reference to N.J.S.A. 9:17-20, did not encompass the right to proceed before a jury upon the request of either party. It cannot be inferred that the Legislature in according either party the opportunity to have a de novo jury trial at the County Court level was appending only an incidental privilege to the right of appeal. The opportunity for a jury trial in bastardy proceedings under Chapter 17 was conceived by the Legislature to be an important attribute and a similar *409 intent is to be imputed with respect to the comparable appeal allowed in filiation proceedings under Chapter 16.
It is recognized that not every aspect of the procedure in a County Court appeal in a Chapter 17 action is to be applied wholesale to a Chapter 16 appeal. Some procedural provisions of Chapter 17 have no pertinency in Chapter 16 cases. E.g., State v. Arbus, supra; Jesson v. DeBernardo, supra. The right to proceed before a jury on an appeal before the County Court, however, is not inappropriate in a filiation proceeding under Chapter 16. Moreover, although in no way emphasized, there was in fact a trial de novo before a jury in the County Court in Leonard v. Werger, supra, as well as in F. v. M., supra, and State v. Arbus, supra.
We are also mindful of R. 4:74-6, urged by defendant as allowing a jury trial before the County Court only upon the demand of the defendant. It is doubtful that this rule dealing with appeals in bastardy proceedings was intended to apply to the different actions for custody and support under Chapter 16. Cf. Borawick v. Barba, 7 N.J. supra at 399; M. v. F., 95 N.J. Super. 165, 171 (Cty. Ct. 1967). We note but have no occasion to resolve the apparent conflict between N.J.S.A. 9:17-20 and R. 4:74-6. Consequently, in accordance with the essential reasoning of Leonard v. Werger, supra, we hold that in a Chapter 16 proceeding, upon the demand of either party, the trial de novo on an appeal to the County Court shall proceed before a jury. Accordingly, the judgment of the County Court below is reversed and the matter remanded for a trial by jury pursuant to plaintiff's demand therefor.
Since there must be a retrial, two other issues raised by plaintiff should be addressed and clarified. It has been argued that certain tape recordings of conversations of the parties offered by plaintiff were improperly excluded. The court's reasons for disallowing these tape recordings are not entirely clear. At any rate, the standards governing the admissibility of such evidence are enunciated in State v. *410 Driver, 38 N.J. 255 (1962). See also, State v. Seefeldt, 51 N.J. 472, 487 (1968); State v. Zicarelli, 122 N.J. Super. 225, 239-240 (App. Div. 1973), certif. den. 63 N.J. 252, cert. den. 414 U.S. 875, 94 S.Ct. 71, 38 L.Ed.2d 120 (1973); State v. Seaman, 114 N.J. Super. 19, 28-29 (App. Div.), certif. den. 58 N.J. 594 (1971), cert. den. 404 U.S. 1015, 92 S.Ct. 674, 30 L.Ed.2d 674 (1972). The trial court should hold a voir dire hearing to determine, among other things, whether the device was capable of recording the conversations, whether the recording was accurate and free of changes, additions and deletions and whether the operator was competent. State v. Driver, supra 38 N.J. at 287-288. While the lower court had misgivings as to whether the recorded statements ascribed to the defendant were voluntary  a criterion also mentioned in Driver as applicable to an alleged confession in a criminal prosecution  it would not seem that this would be a factor with respect to these recorded conversations, which were in the nature of table talk between the parties. In the conduct of this voir dire examination, it would be essential for the court to listen to the tapes to decide whether they are sufficiently audible, intelligible and not obviously fragmented or riddled with improper prejudicial material. Id.
It has also been argued that the trial judge assumed an improper burden of proof in determining that plaintiff had failed to establish nonaccess between herself and her husband during the period of time that her child was conceived and consequently did not prove that the child was the illegitimate offspring of defendant. The court below stated that "there is a strong presumption that a child born in wedlock is legitimate and in order to overcome such presumption the proof must be such that there is `no possible escape from that conclusion.'"
It has long been recognized that a child born in wedlock is presumed to be the legitimate offspring of the husband and wife. In re Adoption by K, 92 N.J. Super. 204 (Cty. Ct. 1966); Wallace v. Wallace, 73 N.J. Eq. 403 *411 (E. & A. 1907). The presumption may be rebutted by proof of nonaccess, B. v. O., 50 N.J. 93 (1967); Cortese v. Cortese, 10 N.J. Super. 152 (App. Div. 1950); In re Adoption by K, supra; Wallace v. Wallace, supra; however, the proof of nonaccess sufficient to establish the illegitimacy of a child born in wedlock must be such that "there is no possible escape" from that conclusion. In re Rogers, 30 N.J. Super. 479, 485 (App. Div.), certif. den. 16 N.J. 193 (1954); Egnozzi v. Egnozzi, 17 N.J. Super. 433, 437 (App. Div. 1952); Jackson v. Prudential Ins. Co. of America, 106 N.J. Super. 61, 77 (Law Div. 1969).
Quite clearly the court below proceeded in accordance with the standard of proof generally thought applicable to proceedings in which the legitimacy of a child was a critical issue. It reflects the strong extant public policy in preserving the legitimacy of a child, which properly characterizes the burden of overcoming that very strong presumption as a heavy one and as one greater and more exacting than a fair preponderance of the evidence. See Annotation, "Presumption of Legitimacy  Disproof," 128 A.L.R. 713 (1940, Supp. 1974). Thus, the majority of jurisdictions have resolved that the degree of proof necessary to demonstrate that a husband did not have access to his wife during the period within which her child was conceived should be clear and convincing evidence. Gray v. Richardson, 474 F.2d 1370 (6 Cir.1973); Taylor v. Richardson, 354 F. Supp. 13 (N.D. La. 1973); Anonymous v. Anonymous, 10 Ariz. App. 496, 460 P.2d 32 (App. Ct. 1969); Hooley v. Hooley, 141 Ind. App. 101, 226 N.E.2d 344 (Ind. App. Ct. 1967); In re L, 461 S.W.2d 529 (Mo. Ct. App. 1970), aff'd 499 S.W.2d 490 (1973); Melvin v. Kazhe, 83 N.M. 356, 492 P.2d 138 (Sup. Ct. 1971); Rose v. Rose, 16 Ohio App.2d 123, 242 N.E.2d 677 (App. Ct. 1968); Davis v. Davis, 507 S.W.2d 841 (Tex. Cts. App. 1974).
The criteria for meeting the burden of proof on an issue are classified under our rules of evidence. These are *412 proof either by a preponderance of the evidence, by clear and convincing evidence or beyond a reasonable doubt, as the case may be. Evid. R. 1(4). We deem the appropriate burden in this kind of a case to be better denominated as "clear and convincing evidence" rather than the "no possible escape" test.
Accordingly, on the retrial of this matter, the jury should be instructed as to the presumption of legitimacy, that it is rebuttable and that the fact of nonaccess by the husband of plaintiff during the period of conception must be resolved by clear and convincing evidence.
Reversed and remanded.